Katherine T. Mitvalsky, Appellant, v. Frank S. Mitvalsky, Appellee.

**DIVORCE: Failure to Appeal as Bearing on Alimony.** Though defendant does not appeal from a decree of divorce based on a finding of cruelty, yet, on plaintiff's appeal from the alimony provisions, he may insist that his acts 'of cruelty do not justify any. larger allowance.

**DIVORCE: Alimony in Proportion to Wealth.** Evidence reviewed, and held that an allowance of some $6,600 as alimony and incidental charges was in keeping with the property of a defendant whose wealth totaled $23,000.

**DIVORCE: Financial Contribution by Wife to Husband.** The amount which a wife has definitely contributed to the wealth of her husband should be given consideration in fixing the amount of alimony to the wife. *Held,* in the case at bar, that the amount so contributed should be added to the allowance made by the trial court.

**DIVORCE: Insufficient Allowance for Child.** Evidence reviewed, and held that $15 per month for each of two children, 5 and 9 years of age, is inadequate, 'in view of the situation of the parents.

**DIVORCE: Modification of Consent—Allowance for Child.** An allowance for a minor child may be modified, even though the parties had *consented* to such allowance in the trial court.

**DIVORCE: Order for Stated Period of Custody.** An order that a child shall be in the custody of plaintiff until it attains a stated age, and thereafter in the custody of defendant, is not a finality. All future custody of the minor will be controlled by the court.

*Appeal from Linn District Court.*—Milo P. Smith, Judge.

October 2, 1920.

Rehearing Denied March 11, 1921.

The appeal is by the plaintiff. She complains that the allowance of alimony to her and the provision for the support of the children of the parties are both inadequate.—*Modified and affirmed.*

*Dutcher, Davis & Hambrecht,* for appellant.

*Redmond & Stewart* and *Crosby & Fordyce,* for appellee.

SALINGER, J.—I. If, as here, there is no appeal taken from decree of divorce because of cruel conduct on part of a husband, it becomes settled there was such cruelty as to warrant the divorce. Therefore, on appeal of the wife from the alimony allowance made her, the husband may not question that he was guilty of cruelty sufficient to sustain the decree. But why may he not urge that his conduct will not justify a larger allowance than was made? On the question of what is proper alimony, his misconduct is to be considered, and so is relative misconduct of the parties (*Closz v. Closz,* 184 Iowa 739) and the relative physical condition and financial ability and earning powers of the parties. And appellant herself asserts that this is so. And her position is overwhelmingly sustained by authority, by elementary law. See 14 Cyc. 473, 474, 475. The decree of divorce cannot bar appellate inquiry into these matters. While it settles there was such misconduct as to justify a divorce, on appeal by the innocent party for the purpose of enlarging the alimony allowance, the other party may well assert that the trial court did not settle against appeal appellate dealing with misconduct as a basis for allowing alimony. And we held, in *Zuver v. Zuver,* 36 Iowa 190, and *Closz v. Closz,* 184 Iowa 739, that, on the question of alimony, all these matters may be inquired into on appeal. We have carefully examined the record. There was conflict as to the misconduct; and, in considering this record, we have made some allowance for the fact that the trial judge saw and heard the witnesses who spoke to misconduct, and still made the allowance no larger. We have taken into consideration, too, that, in this class of cases, there is a tendency to color and exaggerate. Divorce suits, as a rule, exhibit the temper that follows when husband and wife become adversaries. *Closz v. Closz,* 184 Iowa 739. And on the whole, we are unwilling to disturb the allowance made below on the ground that it should have been larger because of such misconduct of the husband as the evidence proves.

II. The next inquiry is whether we should hold the allow-

1. DIVORCE: failure to appeal as bearing on alimony.

ance too small, in view of the financial standing of the husband. On this point, too, there is positive conflict. And we must take notice, too, of the fact that it is usually quite difficult to ascertain financial standing with mathematical certainty. Appellee seems to have no large amount of cash. His possessions consist of property and of a business enterprise. That enterprise may or may not prove profitable. The evidence leaves it somewhat problematic what might be realized for this property in cash, if the owner was willing to put it on the market.

2. DIVORCE: alimony in proportion to wealth.

We are fairly well satisfied that $23,000 quite fairly represents what the defendant is worth. He stands ordered to pay $6,000 in cash; also, some three hundred and sixty odd dollars for expenditures made before trial for the support of the children, and $250 upon a note for $500, signed by himself and his wife. On considering ability to pay alimony, the trial court is vested with some discretion, and we are unwilling to interfere with the allowance on the ground that it is not responsive to the wealth of the defendant.

III. As to the relative state of health of the parties, there is a claim the husband is not physically well; but there is no evidence to support the claim. There is evidence that the wife, through an assault by her husband, suffered an injury to the coccyx; and we are satisfied that this injury will, to some extent at least, interfere with her earning abilities. But, on consideration of all the evidence upon this point, we do not feel warranted in disturbing the order below on the ground of the physical condition of the wife.

IV. It is undisputed that the wife contributed $1,500 to launching the enterprise in which her husband has amassed what he has. We are satisfied, too, that she was a factor in the financial success of the husband. While it is true she was no direct helper in his business, and did not work in his office, she did maintain his home and bear and rear his children; and that is a substantial contribution to the husband. The money contribution is definitely so. The other help cannot be definitely measured in dollars and cents, but still is help. There was such contribution as that it should be considered in passing on the sufficiency

3. DIVORCE: financial contribution by wife to husband.

of the alimony allowance. 14 Cyc. 774, 775; *Aitchison v. Aitchison*, 99 Iowa 93, at 108; *Sesterhen v. Sesterhen*, 60 Iowa 301. We feel satisfied that, on account of the contributions made by the wife, the allowance is insufficient. It is but $4,500, when the $1,500 advanced by her is deducted. And at this point, we hold that the allowance should be raised from $6,000 to $7,500.

V.   The two children of the parties were, at the time of the trial, two boys, aged 9 and 5, respectively. Their custody was awarded the mother, and with it went an allowance of $15 a month for the support of each child. In a sense, the defendant confesses that this is inadequate, because he asserts that he is willing on his own motion to provide more. He does not seem to have done so, to any substantial extent at least. And he is in court resisting a larger allowance. At any rate, it should not be a matter of grace in the father to provide sufficiently for the decent maintenance of his children. He has not been divorced from his children. We may take judicial notice that the sum allowed is inadequate. Fifteen dollars a month now means very little in purchasing power. We are of opinion that the allowance should be $30 a month for each child until further order of the court, and that this allowance should be retroactive, and begin on the date of the decree below.

*4. DIVORCE: insufficient allowance for child.*

We are unable to see why the fact, if it be one, that the allowance for the children was, in effect, a consent decree, opposes our conclusion. The necessity for changing a consented-to allowance may be as imperative as if the allowance were wholly the act of the court.

*5. DIVORCE: modification of consent: allowance for child.*

VI.   The court ordered that the custody should change when the children respectively reach the age of 12 years. That is complained of, and the argument is that the court unduly entered the future, and that, instead of decreeing as it did, it should have ordered the custody to remain with the appellant until further order of the court. But the decree, in effect and in law, does no more than to keep the custodial order open to change; for, while it orders when the change of custody shall take place, it forbids neither a reconsideration nor a change, upon satisfactory showing that there should be a change. Though it is the decree that

*6. DIVORCE: order for stated period of custody.*

the children should be transferred from the mother to the father at the time stated, it will be open to the court at any time, on proper showing, to change the custody sooner than that, or to postpone it beyond that.

The cause is remanded for action in harmony with this opinion. The appellee will pay the costs in this court, and the sum of $100 to the attorneys of the appellant.—*Modified and affirmed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.