ALICE A. BLACK, Appellant, v. S. S. BLACK, Appellee.

**DIVORCE: Alimony—Allowance on Prior Divorce.** The court may be
1   justified in wholly denying to a successful party in divorce proceed-
ings any alimony, in view of the amount allowed to said party on
a former decree of divorce between the same parties.

**DIVORCE: Alimony—Allowance for Children—Inadequacy.** Allow-
2   ance to a successful party in divorce proceedings for the support
of children reviewed, and ordered increased by 100 per cent.

**DIVORCE: Alimony—Former Dismissed Actions.** The court may refuse
3   to a successful party in divorce proceedings any allowance by way
of costs and attorney fees contracted in prior and voluntarily dis-
missed actions for divorce between the same parties.

**DIVORCE: Attorney Fees—Right to Allowance.** A successful party in
4   divorce proceedings is entitled to an allowance for attorney fees.

Headnote 1:  19 C. J. p. 249 (Anno.)  Headnote 2:  19 C. J. p. 361
(Anno.)  Headnote 3:  19 C. J. p. 197 (Anno.)  Headnote 4:  19 C. J.
p. 197 (Anno.)

*Appeal from Warren District Court.*—W. G. VANDER PLOEG,
Judge.

NOVEMBER 24, 1925.

ACTION for divorce. Decree entered in favor of plaintiff,
but she appeals from the provisions governing alimony, attor-
ney fees, and costs.—*Modified and affirmed.*

*O. M. Brockett* and *J. O. Watson,* for appellant.

*Parsons & Mills* and *F. P. Henderson,* for appellee.

DE GRAFF, J.—Plaintiff, Alice A. Black, prayed for and
was awarded a decree of divorce, but she complains of certain
provisions of the decree entered, to wit: (1) the denial to her of
an award of alimony, except an allowance of $360 per year for
the support of two minor children; (2) the denial to her of an
award of attorney's fees and costs incurred in two prior actions

instituted by plaintiff against defendant for separate main-
tenance and divorce, respectively, and dismissed by plaintiff; and
(3) the denial to her of attorney's fees in the instant suit.

The decree in this case releasing the parties from the bond
of matrimony is well based, and is unquestioned. The Gordian
knot had been previously severed by judicial decree; but, by
reason of further matrimonial experiment as between the par-
ties, plaintiff deemed it necessary to undo the status re-acquired,
and in this action was again successful.

To particularize, it may be stated that plaintiff and de-
fendant were first married December 31, 1890. They were first
divorced September 19, 1918. They were remarried April 27,
1920. On July 1, 1920, plaintiff filed her petition in the dis-
trict court of Iowa in and for Polk County, asking a decree of
separate maintenance and for injunction. This cause was dis-
missed by plaintiff prior to a hearing on its merits. On Feb-
ruary 13, 1923, in the same venue, plaintiff filed her petition
for divorce, which was thereafter dismissed by her before the
same was tried on its merits. On May 13, 1924, plaintiff filed
the instant petition for divorce in the district court of Iowa
in and for Warren County, which was the legal residence of
the defendant, and also of the plaintiff at that time.

With these facts in mind, we first inquire: Did the court
err in refusing to award alimony to plaintiff? The basic ground
in all of the petitions of plaintiff for separation and divorce is
cruel and inhuman treatment, within the purview of the statute.

Under the terms of the first decree of divorce, in 1918, plain-
tiff was given approximately one half of the estate of the de-
fendant husband. She testified on the trial of this suit:

"In that case I got for alimony one of the farms and the
balance in money. All together, in money and property, I think
it was $46,000. There was 253 acres, and I have all that land
yet. I have my money loaned out, between $9,000 and $10,000.
I don't think I am worth more than Mr. Black. I don't know;
I know he has got money."

The trial judge, in ruling this matter, said:

"At this time [1918] the parties agreed upon a division
of their property whereby each received approximately one half
of property valued at $95,000. * * * The evidence shows that

each party now owns approximately the property which they had after the division in 1918, and that the income therefrom is perhaps sufficient to maintain them comfortably.''

The record facts sustain this finding.

Our statute provides:

''When a divorce is decreed, the court may make such order in relation to the children,. property, parties, and the maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects, when circumstances render them expedient.'' Section 10481, Code of 1924.

It is clear that the question of alimony is one to be determined by the court, under the facts and circumstances in the particular case. It is not mandatory upon the court to grant

1. DIVORCE: alimony: allowance on prior divorce.

alimony, nor, if granted, is it obligatory upon the court to award any particular amount. The court does and should take into consideration the sex, age, health, and future prospects of the parties, the private estate of each, the contributions of each to the joint or accumulated property, the children involved and to be provided for, the earning capacity of each, their respective incomes, and their respective indebtedness. These and other facts pertaining to the case are sufficient to enable a court to arrive at a just, fair, and equitable decision in the matter. *Mitchell v. Mitchell*, 193 Iowa 153; *Mitvalsky v. Mitvalsky*, 191 Iowa 8.

As noted, the husband's estate had been previously divided, and about equally. This was certainly fair and equitable under the then existing circumstances. There has been no substantial change in the quantum of property now owned and possessed by these parties.

We do not hold, as a matter of law, that the former division of the estate, as fixed by the original decree, is a finality, as between the parties, upon a remarriage and a subsequent divorce, but we do hold that the trial court, upon the entry of a decree in a subsequent divorce proceeding between said parties, may properly take into account the original division of the property and estate. In other words, the prior decree is not a limitation upon the power of the court to award alimony in a subsequent divorce proceeding, but may be taken into consideration·in determining the equities and fixing anew the property rights, even

to the extent of denial of participation of each in the estate of the other.

Why may appellant now urge that she is justified in having a larger allowance made to her? Both parties are a few years older, and perhaps wiser. The children are grown, and have left the parental roof, except two boys, 12 and 14 years of age, respectively, whose legal custody is now, under the decree, in the plaintiff. An annual allowance of $360 for the support of said minors was adjudged in favor of the wife and against the husband. Appellant complains of its insufficiency.

2. DIVORCE: alimony: allowance for children: inadequacy.

The amount is small, in this age of high cost of living, and with two growing boys under consideration. This matter calls for the exercise of judicial discretion. Even though it be conceded that the plaintiff and the defendant possess an equal ability, from a property and income viewpoint, to support the minors, and each is bound, morally and legally, with the same duty to contribute to their support, this concession does not give a satisfactory answer to the problem presented.

We may also recognize that subsequent changes may occur, making it necessary for a court to consider new conditions and modify the terms of the decree entered. In this particular the plaintiff is not foreclosed; but the question before this court is couched in the present, not the future, tense. The husband is not divorced from his children nor from the obligation to provide a sufficient amount for their decent maintenance and education. We are satisfied that the amount awarded is not sufficient, and the allowance heretofore made is therefore increased to $30 per month per child, or $720 per year for their support, payable in equal quarterly installments, beginning from October 1, 1924, and continuing so long as said children remain in school and are dependent for support upon their parents,—not, however, beyond the date of their respective majorities.

We now turn to the complaint in relation to the denial to plaintiff of an award for fees and costs in her previously instituted suits for separation and divorce, which were dismissed by

3. DIVORCE: alimony: former dismissed actions.

her prior to a hearing on the merits. We discover no reason for disturbing the decree entered in this particular. These matters consti-

tute no part of the costs in the case at bar, and we view the prior suits as mere incidents in the history of the present cause. Whether or not a divorce suit is to be reckoned among the necessaries of a wife we need not determine, under the facts before us.

Was the plaintiff entitled to an award to cover reasonable attorneys' fees in the instant action? We answer in the affirmative. In the absence of testimony to determine what is a reasonable counsel fee, the judge may consult his own experience and knowledge, in connection with what he can discern of the particular case. The rule is to allow whatever, under the circumstances, is reasonable, not inquiring what the particular counsel employed by the wife should receive. 2 Bishop on Marriage, Divorce & Separation, Section 988.

<span style="margin-left:2em">4. DIVORCE: attorney fees: right to allowance.</span>

The decree entered will be modified by awarding to the plaintiff the sum of $300, to cover her reasonable expenses for the services of her counsel in the instant case; and the costs on this appeal are taxed to the defendant.

The decree will be modified as herein indicated, but otherwise affirmed.—*Modified and affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.