Marie L. **TALLARICO**, Appellee and
Cross-Appellant,

v.

Anthony A. **TALLARICO**, Appellant.

No. 53240.

Supreme Court of Iowa.

Feb. 11, 1969.

Boyd, Walker & Concannon, Keokuk, for appellant.

Smith, Dickey & Smith, Keokuk, for appellee.

LeGRAND, Justice.

On October 20, 1965, a decree of separate maintenance was entered in this case. It incorporated as part of its terms a stipulation between the parties providing for custody of three children, payment of support money, and other matters.

This appeal reaches us on an application filed by plaintiff asking for additional support money, payment by defendant of income tax incurred by her, and payment of her attorney's fees.

Most of the dispute centers around the provisions of Paragraph 14 of the stipulation which was made part of the decree. The important parts of that paragraph are set out as follows:

"14. The defendant herein agrees that he will pay to the plaintiff the sum of $700.00 per month * * * until twelve payments have been made, at which time the parties agree that the plaintiff herein will make a complete accounting to the defendant as to the use of said funds * * * At the time of such accounting the parties hereto shall review said expenses and agree to reduce any future payments by the amount deemed, at that time, as not necessary to cover the expenses of the plaintiff herein or, in the alternative, agree to increase the amount to be paid, should the amount as accounted for and accepted by the plaintiff appear to be insufficient to cover the needs and expenses of the plaintiff and the children * * *

"* * * After the accounting and adjusting has been made * * * future payments * * * shall thereafter continue to be made by the defendant to the plaintiff and such amount or amounts as are then agreed upon shall not be changed without proper application to the Court and then only upon the basis of a change in the circumstances of the parties.

"It is the purpose of this provision in the stipulation to provide the plaintiff with adequate funds to support herself and the children * * * in the manner to which she has become accustomed while living with the defendant herein, and with due regard for the fact that during this separation, plaintiff may wish to travel and go out more socially. It is also the intent of the parties and of this provision that the plaintiff shall not spend unreasonable amounts for her support and maintenance and that of the children.

\* \* \* \* \* \*

"* * * It [the stipulation] is not to be, nor is it meant to be interpreted as representing the reasonable cost of any such item of expense and in determining, at the time of the accounting as herein provided, what is or is not a reasonable cost for the expenses incurred by the plaintiff, the individual items as hereinabove set

out shall not be considered to be a guideline in any respect as to the reasonableness of any such cost or item of expense.

"In the event the parties hereto are unable to agree at the end of the first year * * * then the parties agree that this stipulation in its entirety and the accounting of the plaintiff and all other pertinent information concerning the plaintiff's expenses for her and the children will be submitted to the court * * * to make a determination as to the monthly payments to be made by the defendant to the plaintiff on the basis of the plaintiff's reasonable needs as herein defined, but without relation to any change of circumstances and without any relation to the estimated expenses as hereinabove set out; said application to the court being solely for the purpose of obtaining an order for the payment by the defendant of the plaintiff's reasonable living expenses in accordance with the manner in which she has been accustomed to living."

As might have been foreseen, the parties were unable to agree upon plaintiff's reasonable living expenses at the end of the year, and the application upon which this appeal is based was then filed.

After a lengthy hearing, during which both parties testified concerning the manner in which plaintiff and her children were living and the amounts, item-by-item, reasonably necessary to sustain them in that way of life, the trial court found the $700.00 monthly payment provided for in the decree was reasonably necessary for their support and should be continued. The trial court also ordered defendant to pay federal and state income taxes incurred by plaintiff because of these payments and awarded plaintiff a partial payment of her attorney's fees. These are the findings defendant challenges.

Plaintiff has filed a cross-appeal from the trial court's order on attorney fees. She claims she was entitled to more.

There is some dispute as to the nature of the decree of separate maintenance dated October 20, 1965. If it is considered a final judgment, plaintiff's present application is a petition to modify requiring proof of change of circumstances. If it is based on retained jurisdiction over certain matters which had not been finally determined, such proof would be unnecessary. Under our recent holding in Betzel v. Betzel, Iowa, 163 N.W.2d 551, it might be argued the decree was final and was to be changed only by showing such change of circumstances as is usually required to modify such a judgment.

However, we conclude the intent of both the litigants and the trial court was that after a one-year period the decree should be subject to revision as to support payments upon application of either party without showing any change of circumstances.

This is clear from the language of the stipulation, particularly that part of paragraph 14 which provides an accounting and adjustment shall be made after one year *without relation to any change of circumstances* and such adjusted payments would then continue unless further changed by order of court *upon showing a change of circumstances.*

■ Under the record here we hold the decree of October 20, 1965, was not a final one as to payment of support. This was clearly the intent of the trial court when the decree was entered. We so consider it on this appeal.

■ The problems confronting us are principally ones of fact. In equity cases, particularly when, as here, the credibility of witnesses is involved, we give weight to the findings of the trial court but are not bound thereby. Rule 344(f) (7), Rules of Civil Procedure; Levick v. Levick, 261 Iowa 345, 154 N.W.2d 102, 106, and citations.

Defendant first asserts the court used the stipulation as a guide in determining the amount reasonably necessary to support plaintiff despite the express provision it

should not be used for that purpose. We do not believe this complaint is valid.

The parties spent two days testifying about the expenses of plaintiff and her children for the maintenance of the family, both before and after the parties separated. There was wide divergence in their testimony. It is true the trial court did not entirely disregard the stipulation the parties had previously entered into nor was it required to do so. The *amounts* agreed upon in the stipulation were not to be taken as establishing what plaintiff should have, but the *items* listed there are important in determining how plaintiff was accustomed to live and, consequently, the manner in which defendant was obligated to support her and his children.

■ The fact the trial court found $700.00 a month to be the amount plaintiff reasonably needed for her support, based on the same items the parties had used a year earlier in agreeing on that same figure, does not mean the trial court failed to consider the evidence or to reach an independent determination. Plaintiff's testimony, including the exhibits certified to us, fully justified such a finding. We see no reason for disturbing it.

We should add the issue here is a narrow one. Defendant does not claim he is unable to pay the amount ordered by the trial court nor that plaintiff should not be supported as she had become accustomed to. His sole objection is that the amount is more than is reasonably necessary to accomplish that.

In this connection defendant argues the trial court did not consider the substantial "extras" he was providing when determining what plaintiff should have by way of reasonable support.

These extras, or additional benefits, include plaintiff's right to occupy the fully equipped and furnished home of the parties, upon which defendant agreed to pay taxes and insurance; a new automobile every five years; payment, with some ex-

ceptions, of medical and dental bills; maintenance of trust accounts, brokerage accounts, and insurance programs beneficial to his wife and children; payment of church and charitable contributions; membership in the local Country Club; and provision for a contingency fund of $5000.00 for plaintiff's use for necessary and unforeseen expenses.

It is clear from the stipulation these matters were intended by the parties to be in addition to any money paid by defendant for the support of his wife and children. Payment of monthly support money is based upon 17 specific items listed in the stipulation, none of which is duplicated in the recitation of extras above set out.

■ The stipulation contained the provision that if it became necessary to submit the question of support to the court for adjustment in the amounts to be paid, the "whole stipulation" should be considered. In viewing this "whole stipulation" we conclude, as did the trial court, that *both* the extras and the schedule of individual items comprising the monthly payments were properly considered in determining what plaintiff and the children are entitled to under the decree.

■ It appears from the record that in happier days defendant willingly indulged his family and encouraged them in good living. Since that is the way he accustomed them to live and since he is financially able to maintain that standard, he cannot now insist on a more austere life because of this unfortunate separation.

The trial court also ordered defendant to pay the income taxes incurred by plaintiff because of the support money provided for in the decree. Defendant argues such payments were not within the contemplation of either party at the time the stipulation was entered into. Again we find no merit in defendant's claim. The stipulation when entered into, and the decree when signed, contemplated a certain

reasonable sum, which was then agreed upon as $700.00 per month, would be paid for the support of this family. What this figure was based on was carefully spelled out in the decree by listing 17 specific items. They ranged from allowances for food and clothing to such incidental items as bridge tolls and admission fees for ball-games. There is no provision for payment of income taxes, nor is reference to taxes made anywhere in the stipulation or decree.

■ Since the amount agreed upon in the stipulation was itemized to the final dollar, the conclusion is inescapable that none of it was to be used for payment of income taxes.

We think what happened is clear. The parties had always made joint returns. Defendant intended to make such returns and to pay the taxes due. However, he found he no longer could make a joint return. He also discovered the amount paid to plaintiff was taxable income to her and was deductible from his income. Only then did defendant raise any objection to payment of taxes.

We believe the trial court was correct in holding it was the intention of the parties that defendant should continue to pay the income taxes. That he was mistaken as to the manner in which this might be accomplished does not alter this situation.

It makes little difference in the long run how this matter is treated. The amount of support allowed by the trial court is based upon specific requirements of plaintiff and the children. If she is to pay the income taxes, then the amount of support must be increased accordingly; or, if defendant pays such taxes, the amount allowed is reasonable and proper.

We find no reason for disturbing the order requiring defendant to pay the income taxes incurred by plaintiff because she receives $700.00 per month under the decree of separate maintenance.

Defendant questions the allowance of attorney fees by the trial court, challenging both the right to such fees and the proof introduced in support thereof. Plaintiff has cross-appealed on the issue of attorney fees only, claiming she was entitled to more than the court allowed.

We need not discuss the right of the trial court to allow attorney's fees since defendant conceded both in his brief and in argument such right existed if the decree of October 20, 1965 was not considered a final adjudication. We have already said we considered it temporary only and we therefore need pursue defendant's argument no further.

■ Defendant also asserts the record is totally silent as to any proof upon which the amount of attorney's fees could be based. We cannot agree with that argument. Evidence was introduced concerning the services rendered subsequent to the entry of the decree, the amount of time devoted to the matter, and the charges made. This was substantiated by an itemized exhibit setting forth substantially the same information. There was ample evidence upon which the court could base its findings. We call attention also to the principle that a trial court may call upon his own knowledge and experience in fixing fees. Black v. Black, 200 Iowa 1016, 1020, 205 N.W. 970, 972.

The trial court reduced the attorney's fees from $741.25, the amount asked, to $350.00. Plaintiff has cross-appealed from this finding and insists she is entitled to the amount of attorney's fees as claimed.

■ The amount of an award for attorney's fees rests within the sound discretion of the trial court. We find there was no abuse of that discretion here and we approve the award as made.

We affirm the order of the trial court on both appeals.

Affirmed on defendant's appeal and on plaintiff's cross-appeal.

All Justices concur.