Betty L. DWORAK, Appellee,

v.

Richard Edward DWORAK, Appellant.

No. 55063.

Supreme Court of Iowa.

March 16, 1972.

Sackett & Sackett, Spencer, for appellant.

James A. Schall, and Pendleton & Pendleton, Storm Lake, for appellee.

REYNOLDSON, Justice.

The issue in defendant's appeal is whether there was sufficient change of circumstances to justify a divorce decree modification increasing child support. Trial court, finding such change, granted plaintiff a portion of the increase prayed for in her petition. We affirm.

When these parties were divorced in 1962, plaintiff retained custody of two of the minor children, Kathleen and Gustav. Defendant's brother was given custody of the third child, Richard, and defendant was to pay for his care and maintenance.

Under the stipulation and decree, plaintiff received contract payments on an Omaha property. These installments were $200 per month, with $40 of this allocated to child support and the remainder of $160 applied to the property settlement. Out of this payment, she was required to pay $100 per month toward a mortgage on this real estate. In November 1965 the $12,176 contract balance was paid. Allocating 20 percent of this sum to child support would prepay installments of child support to November 1970.

Defendant received three mortgaged properties. The record reveals defendant, who then had a serious drinking problem, received benefit only from one tract, a Lake Okoboji business known as "Doc's Resort." This real estate, originally purchased by these parties for $37,500, was sold on contract by him in 1969 for $112,000.

Using a portion of the $32,500 received in 1969 on the contract, defendant purchased for $45,000, on contract, a motel and trailer park at Camdenton, Missouri. The motel originally comprised ten units, with owner's apartment and swimming pool. In 1970 a fire partially destroyed the motel. Defendant, who is also a carpenter, added three new motel units and an apartment, the latter a three-bedroom, carpeted and paneled complex with two or three bathrooms. He installed new furniture and lives there with his present wife and two daughters.

Plaintiff continues to reside in Omaha, Nebraska, where she is employed in the office of the municipal court clerk. Her take-home pay is about $240 per month. With $5000 of her share of the contract pay-off she purchased a home and pays $100 each month on the mortgage. The balance of the amount received is exhausted. Kathleen, the daughter, has attained her majority. Gustav, age 14, is solely supported by plaintiff. Also living in this home is Richard, now 24, who attends the University of Omaha.

Plaintiff's petition to modify was filed May 12, 1969. Defendant filed answer March 26, 1970. Upon hearing held March 19, 1971, trial court decreed defendant should pay plaintiff $80 per month child support until Gustav attains the age of 21 years, becomes self-supporting, or dies, or until death of defendant, whichever occurs first.

■ I. This proceeding finds authorization under both § 598.14, The Code, 1966, and its reenactment in almost identical language in § 598.21, The Code, 1971. Subsequent changes may be made in a divorce or dissolution of marriage decree where "cir-

cumstances render them expedient." We have construed this to mean the power of court to modify exists only when there has been a material and substantial change in circumstances since the date of the original decree or any subsequent intervening proceeding which considered the situation and the rights of the parties upon an application for the same relief. Sandler v. Sandler, 165 N.W.2d 799 (Iowa 1969); Pearson v. Pearson, 247 Iowa 437, 74 N.W.2d 224 (1956). Any other interpretation would leave the matter open to endless litigation and continual uncertainty. Mason v. Zolnosky, 251 Iowa 983, 103 N.W.2d 752 (1960). Applicant for modification must carry the burden of showing the required change of circumstances by a preponderance of the evidence. Mason v. Zolnosky, supra; Shepard v. Gerholdt, 244 Iowa 1343, 60 N.W.2d 547 (1953).

Our review is de novo. Rule 334, Rules of Civil Procedure. We are not bound by but give weight to the findings of the trial court. Rule 344(f) (7).

Gustav, at time of trial, was completing the eighth grade with a high academic standing. He had a serious interest in art and an ambition to pursue this vocation. Plaintiff's testimony itemized monthly expenses attributable to this son, including expenses for art lessons. Eye surgery costing $500 had been reimbursed by insurance only to the extent of $275. Trial court found Gustav's monthly support would total at least $250.

Plaintiff's meager salary has been indicated. She was required to sell her car to pay for needed house repairs and clothing for Gustav. Her present financial plight is caused in part by defendant's failure to comply with the divorce decree by supporting Richard, who at that time was about 15 and a high school sophomore. Except for short summer intervals with his father, he has resided in quarters provided by plaintiff since the first year. following the marriage termination.

The record supports the present increased expenses for Gustav, who was only about four years old at the time of the divorce. Even more pertinently, it demonstrates the impact of inflation, which in this ten year period disasterously eroded the dollar's actual value. We have judicially noticed the diminished purchasing power of the dollar. Wells v. Wells, 168 N.W.2d 54 (Iowa 1969); Brophy v. Iowa-Illinois Gas and Electric Company, 254 Iowa 895, 119 N.W.2d 865 (1963). We have also weighed the factors of increased school and medical expenses and needs of growing youths. McDonald v. McDonald, 183 N.W.2d 186 (Iowa 1971). There is no indication trial court contemplated these changes when fixing child support in the divorce decree.

Defendant did not bring to trial those financial records not burned in the motel fire. Apparently there is still outstanding on Doc's Resort a mortgage in the remaining balance of $6000 or $9000. At time of submission of this case below the balance on that contract was $76,500, resulting in an equity of about $67,500. Cost of extensive post-fire improvements and enlarged living quarters constructed at the Camdenton resort exceeded the insurance proceeds and resulted in indebtedness to First National Bank in Camdenton in the sum of $34,000.

Defendant's present wife sold a home for $6700. He testified the bulk of this money went into the Missouri resort. Defendant once owed his mother $32,000 but this has been reduced to $17,000. About two months before this matter was tried below defendant transferred the Camdenton resort and personal property to a corporation. His testimony disclosed he is paid $50 per week by that entity, in which he holds 21 percent of the stock, his mother 30 percent, his wife 30 percent, and the Missouri bank 19 percent. We note that in concert with either his wife or with his mother, he has controlling interest.

Although defendant opined his financial condition is bad, he does not lack for a

comfortable home, vehicles, mobile home, and boat. He vacationed at Manzanillo, on the Pacific coast of Mexico, in the winters of 1969, 1970 and 1971. While he was handicapped by his drinking problem when divorced, he quit when Doc's Resort was sold. He testified his business ability has improved. Defendant is an experienced carpenter and owns his own carpenter tools and equipment. Trial court found under the record he was in good health and able to work and operate the motel business.

■ Defendant complains trial court's modification decree stated the welfare of child was a factor in its decision. This court has held the child's welfare is a necessary consideration in a modification proceeding to increase child support. In Welch v. Welch, 256 Iowa 1020, 1024, 129 N.W.2d 642, 644 (1964), we said,

> "We have held time and again child custody *and support provisions* of a divorce decree are final as to the circumstances then existing. Such provisions will be modified only where it is proven by a preponderance of the evidence that subsequent conditions have so changed that the welfare of the children requires, or at least makes expedient, such modification. *In matters of this kind the child's welfare is the controlling consideration.*" (Emphasis added.)

In this state both parents are liable for the support of their children, not necessarily in equal shares but proportionately according to their ability to pay. McDonald v. McDonald, 183 N.W.2d 186 (Iowa 1971); Stillmunkes v. Stillmunkes, 245 Iowa 1082, 65 N.W.2d 366 (1954). Defendant's witness-stand offer to take Gustav and rear him admits his ability to pay child support. At present he is contributing nothing.

The record discloses changes in the circumstances of the parties and the child's welfare is adversely affected. These changes were substantial enough to justify trial court's modification of the divorce decree. We find the support ordered below is not excessive.

■ II. Plaintiff asserts trial court erred in denying her application for attorney fees for services relating to her application. In Iowa there can be no award of attorney fees on an application to modify a final divorce decree. Handsaker v. Handsaker, 223 Iowa 462, 272 N.W. 609 (1937); Duvall v. Duvall, 215 Iowa 24, 244 N.W. 718 (1932); Barish v. Barish, 190 Iowa 493, 180 N.W. 724 (1920). See also Wells v. Wells, 168 N.W.2d 54 (Iowa 1969); Tallarico v. Tallarico, 164 N.W.2d 805 (Iowa 1969); Arnold v. Arnold, 258 Iowa 850, 140 N.W.2d 874 (1966).

Affirmed on both appeals.

All Justices concur.