Gladys **SPAULDING**, Appellant,

v.

Boyd **SPAULDING**, Appellee.

**No. 55410.**

Supreme Court of Iowa.

Feb. 21, 1973.

Davis, Jacobs & Gaul, Sioux City, for appellant.

Paul J. Yaneff, Sioux City, for appellee.

Heard by MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

On February 11, 1959 plaintiff, Gladys Spaulding, was granted a divorce from defendant, Boyd Spaulding. She was awarded custody of their two daughters, Cynthia, born September 25, 1954 and Sandra, born January 9, 1957. Defendant was ordered to pay $43.33 per month per child "until said youngsters attain the age of twenty-one (21), marry, are emancipated or die, whichever event occurs first, and in that event, said support be reduced accordingly per child." He was also ordered to maintain and pay Blue Cross and Blue Shield policies on the two children. The parties' few assets were divided about equally.

On April 19, 1971 plaintiff filed an application for modification seeking an unspecified increase in child support because of alleged material and substantial change of circumstances. Defendant's answer denied generally plaintiff's allegations. Subsequent to trial of the issues, without filing findings of fact or conclusions of law, the trial judge denied plaintiff's application. She has appealed. We reverse and order an increase in child support.

I. Section 598.14, Code 1966 and section 598.21, Codes 1971 and 1973 each provide subsequent changes in child support may be made by the court when circumstances render them expedient.

■ The rules regarding child support provisions as authorized by the statute are well established. The power of the court to modify exists only when there has been a material and substantial change in circumstances since the date of the original decree, or of any subsequent intervening proceeding which considered the situation of the parties upon an application for the same relief. Dworak v. Dworak, Iowa, 195 N.W.2d 740, 742, and citations.

■ To justify modification of a child support provision some material change must be shown in the circumstances of the parties, financially or otherwise, making it equitable that other or different terms be imposed. A decree will not be modified unless its enforcement will be attended by positive wrong or injustice as a result of the changed conditions. Modification should be based upon a change of circumstances more or less permanent or continuous, not temporary, and where a change of financial condition of one or both of the parties is relied upon, it must be substantial. McDonald v. McDonald, Iowa, 183 N.W.2d 186, 188; Sandler v. Sandler, Iowa, 165 N.W.2d 799, 800, 801; Holland v. Holland, 260 Iowa 248, 250, 149 N.W.2d 124, 125 and citations.

II. Being in equity, our review is de novo. Rule 334, Rules of Civil Procedure. Each case, therefore, must be decided in accordance with its peculiar facts. We turn to the facts as shown by the record before us.

■ At the time of the divorce Cynthia had an ulcer. Both girls now have ulcers. Both now have thyroid problems. Sandra has braces on her teeth. The orthodontist expense would total $900 which plaintiff was trying to pay at the rate of $45 per month. Plaintiff itemized and testified in detail to the high cost of raising two teenage girls in this age of higher prices and advancing inflation. Her estimate of the current annual cost of $3600 for supporting the two girls is demonstrated by the record.

Defendant, a Sioux City police officer, in 1959 had an annual income of $4880.50. In 1970 his annual income was $9271.20. He had received a $28 per month salary increase beginning in January 1971. He had remarried. His second wife was regularly employed.

In 1959 plaintiff had an annual income of approximately $3000. In 1970 her annual income had increased to $5882.95. The daughters were earning a small

amount of spending money. In 1971 Cynthia was in high school; Sandra was in junior high. Plaintiff detailed their lunch, bus, clothing and many other necessary expenses.

Defendant testified regarding the expense of his present family, a wife and 18 year-old stepson. His living and income estimates failed to consider his present wife's earnings and any by the stepson.

■ Defendant-appellee argues plaintiff-appellant failed to prove a material change of circumstances. This contention is met with strong uncontradicted evidence to the contrary. Also we take judicial notice of the reduced purchasing power of the dollar when considering child support payments. Wells v. Wells, 168 N.W.2d 54, 61, 62; Mitvalsky v. Mitvalsky, 191 Iowa 8, 11, 179 N.W. 520, 522.

In Dworak v. Dworak, supra, 195 N.W. 2d 740, 742, we say:

"* * *. We have also weighed the factors of increased school and medical expenses and needs of growing youths. McDonald v. McDonald, 183 N.W.2d 186 (Iowa 1971). There is no indication trial court contemplated these changes when fixing child support in the divorce decree."

■ III. Both parents are liable for the support of their children, not necessarily in equal shares but proportionately according to their ability to pay. Dworak v. Dworak, supra; McDonald v. McDonald, supra; Stillmunkes v. Stillmunkes, 245 Iowa 1082, 1089, 65 N.W.2d 366, 370; Addy v. Addy, 240 Iowa 255, 264, 265, 36 N.W.2d 352, 358.

Under the applicable rules and the facts in this case we conclude plaintiff established by a preponderance of the evidence a right to modification of the decree as prayed. We hold the child support payments by defendant, Boyd Spaulding, should be increased to $85 per month per child, made retroactive to begin April 19, 1971, the date the application for modification was filed. For authority for making our order retroactive see Cappel v. Cappel, 243 Iowa 1363, 1367, 1368, 55 N.W.2d 481, 484; Black v. Black, 200 Iowa 1016, 1019, 205 N.W. 970, 971; Mitvalsky v. Mitvalsky, 191 Iowa 8, 11, 179 N.W. 520, 522.

Reversed. Remanded for entry of modification order consistent with this opinion.