Thomas R. TURNER, Jr., and Roberta M. Turner, Appellants,

v.

THORP CREDIT, INC., and Steven Walters, Appellees.

No. 2–56544.

Supreme Court of Iowa.

April 16, 1975.

Ronald A. Riley, Des Moines, for appellants.

Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, for appellees.

Heard by MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

Plaintiffs Thomas R. Turner, Jr. and Roberta M. Turner (Turners) appeal trial court's dismissal of their damage action against defendants Thorp Credit, Inc. (Thorp) and Steven Walters (Walters).

On April 5, 1973, Turners filed their three-division petition seeking damages arising out of defendants' alleged wrongful attachment of plaintiffs' property.

Division I alleged: (1) on about March 19, 1971 Walters, an agent of Thorp, entered an agreement with Thomas R. Turner, Jr. to extend time for payment of an installment due March 20, 1971 on a note executed by the Turners which was held by Thorp; (2) Thorp had waived right to timely payments on the note by continued acceptance of late payments; (3) on April 5, 1971 Walters caused an action (Equity No. 20775) to be filed in Madison County District Court wherein Thorp sought the issuance of a writ of attachment against property owned by the Turners; (4) on about April 6, 1971 a writ of attachment was executed on the Turners' property being used by Thomas R. Turner, Jr. in his tree removal business; (5) the issuance and execution of the writ of attachment was in violation of Turner's due process rights and in breach of the March 19, 1971 oral agreement; (6) as a result of the breached oral agreement Thomas R. Turner, Jr., was forced to breach one contract and was unable to fulfill another, both of which were held by his tree removal business, was deprived of the use of the attached property and income derived therefrom, was subjected to public humiliation and loss of credit rating in the community, was and continues to be subjected to mental pain and anguish and humiliation, was and continues to be deprived of income and was subjected to lawsuits by creditors who would have been paid from the proceeds of the breached and subsequent contracts; and (7) because of the foregoing Roberta M. Turner lost her credit rating in the community and was and continues to be

subjected to mental pain, anguish and humiliation.

Turners further alleged and demanded $75,759.52 actual and $50,000 exemplary damages for Thomas R. Turner, Jr. and $25,000 actual and $25,000 exemplary damages for Roberta M. Turner.

In division II Turners alleged: (1) Thorp and Walters intentionally, wrongfully, maliciously and tortiously interfered with pre-existing contracts held by Thomas R. Turner, Jr. in his tree removal business; (2) this contract interference deprived Thomas R. Turner, Jr. of the ability to enter any future contracts of like nature and caused the injuries described in (6) above; and (3) as a result of this contract interference Roberta M. Turner received the same injuries described in (7) above. Their allegations and. demand for damages were repeated.

Division III alleged: (1) Thorp and Walters wrongfully attached and secreted plaintiffs' property, causing the injuries outlined in (6) above; and (2) Thorp and Walters negligently cared for the property after attachment, causing a decline in the value of the property. They repeated their allegations and demand for damages.

On May 15, 1973 defendants Thorp and Walters filed a three-division motion to dismiss. They attached three exhibits to their motion. Division I of the motion asserted the facts alleged in the petition showed plaintiffs were not entitled to any relief since the causes of actions pleaded therein should have been pleaded as compulsory counterclaims under rule 29, Rules of Civil Procedure in the April 5, 1971 equity action referred to in Turners' petition. Division II of defendants' motion to dismiss asserted Turners' claims were barred on the basis of estoppel. Division III contended Turners' actions were barred on the basis of an alleged compromise and settlement.

On May 29, 1973 Turners filed their resistance to defendants' motion to dismiss. It denied the many new and affirmative allegations of the dismissal motion. In addition, plaintiffs asserted their causes of action were not compulsory counterclaims in the prior equity action since they were not "then matured" under rule 29, R.C.P. and further alleged there had been no final judgment on the merits in the equity action.

June 1, 1973 trial court entered the following order: "The defendants' motions to dismiss are sustained and plaintiffs' petition is dismissed at plaintiffs' costs."

Plaintiffs-appellants assert the trial court erred in sustaining defendants' motion to dismiss. They attack the court's ruling on five grounds: (1) the petition did state facts sufficient to show plaintiffs were entitled to relief; (2) defendants' motion failed to point out the deficiency of plaintiffs' petition; (3) plaintiffs' claims were not compulsory counterclaims in the prior equity action since they had not matured; (4) plaintiffs' claims did not arise out of the same transaction or occurrence involved in Thorp's prior equity action; and (5) it was error to dismiss plaintiffs' claims against Walters on the basis they were compulsory counterclaims in the equity action since Walters was not a party to that action.

■ I. The trial court's ruling certainly does not comply with rule 118, R.C.P. which provides: "A motion, or other matter involving separate grounds or parts, shall be disposed of by separate ruling on each and not sustained generally."

In Ruby v. Easton, Iowa, 207 N.W.2d 10, 14, 15, we point out the reason for rule 118 and admonish lower courts against summary general rulings in violation thereof. See also Brekken v. County Bd. of Rev. for Story County, Iowa, 223 N.W.2d 246, 247. Cases involving violation of rule 118 will ordinarily be reversed and remanded for specific rulings. However, in the present case it clearly appears the trial court erred in sustaining defendants' motion to dismiss. Had the trial court attempted to make specific rulings it would have been readily apparent defendants were relying on their speaking motion and not on insufficiency of plaintiffs' petition.

II. Rule 104, R.C.P. as pertinent provides:

"Every defense in law or fact to any pleading must be asserted in the pleading responsive thereto, if one is required, or if none is required, then at the trial, except that:

" * * *

"(b) Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, filed before answer.

" * * *

"(d) Such motions must specify wherein the pleading they attack is claimed to be insufficient."

In considering a motion to dismiss the pleading attacked must be examined to determine whether it appears to a certainty the pleader has failed to state a claim on which any relief may be granted under any state of facts which could be proved in support of the claims asserted in the pleading. Freese v. Lemmon, Iowa, 210 N.W.2d 576, 579; Rick v. Boegel, Iowa, 205 N.W.2d 713, 715, and citations.

"A motion to dismiss may not be supported by its own allegations of fact, not contained in the petition under attack." Rick v. Boegel, supra, 205 N.W.2d at 715. See also Egan v. Naylor, Iowa, 208 N.W.2d 915, 916; Raley v. Terrill, 253 Iowa 761, 765, 113 N.W.2d 734, 736; Blackburn, Thirty Years of Motion Practice * * *, 21 Drake L.Rev. 447, 458, 459.

Motions to dismiss for failure to state a cause of action must clearly specify wherein the pleading attacked is insufficient. Rule 104(d) R.C.P.; Rick v. Boegel, supra, 205 N.W.2d at 715.

Defendants-appellees' brief relies on the assertions of their motion and not the insufficiency of plaintiffs' petition. In oral argument before this court appellees' counsel so conceded.

The trial court erred in sustaining defendants' motion to dismiss. It was a "speaking motion," not a motion to dismiss under rule 104(b), R.C.P. See Raley v. Terrill, supra, 253 Iowa at 765, 113 N.W.2d at 736. Discussion of the other arguments presented on this appeal is unnecessary.

The lower court should have overruled defendants' motion to dismiss plaintiffs' petition. This case is remanded to the lower court for such an order and for further proceedings.

Reversed and remanded.