### In re the MARRIAGE OF Lyle HAVENER and Jill Havener.

### Upon the Petition of Lyle Dean Havener, Appellant,

### and concerning Jill Havener, Appellee.

### No. 3–58605.

Supreme Court of Iowa.

April 14, 1976.

Ed Skinner, of Irish, Skinner & Wieslander, Altoona, for appellant.

David E. Richter, Council Bluffs, for appellee.

Heard before MOORE, C. J., and Le-GRAND, UHLENHOPP, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

The father appeals from the trial court's denial of his application to change custody of two children, previously awarded to the ιother. The appeal also questions the allowance of attorney's fees incurred by the mother resisting the application. We affirm in part, reverse in part and remand with directions.

The marriage of Lyle Havener (Lyle) and Jill Havener Hadan (Jill) was dissolved February 1, 1974 after about 11 years. In the decree of dissolution custody of the parties' two children was awarded to Jill.

On July 14, 1975 Lyle applied to have custody of the children changed to him, alleging Jill had failed to provide an adequate environment. He asserted that a material change in circumstances since the original decree, including his improved ability to provide for the children, now called for him to have permanent custody. On August 4, 1975 the trial court denied his application and ordered Lyle to pay $300 toward Jill's attorney's fees.

Two children are involved. A daughter, Allison Lynn Havener, was born January 5, 1965 and a son, Chad Allen Havener, was born April 21, 1966. Lyle was petitioner in the original action and requested custody of the children in that proceeding.

Serious questions were raised as to Jill's fitness as a mother for the children both in the original proceeding and in the hearing upon this application. A somewhat disturbing picture emerges. Jill's life style, especially in her relationships with other men, causes considerable concern.

Prior to the original custody award this concern prompted the trial court to order an investigation of Jill in her home by a county juvenile officer. After receiving a most favorable report from the officer on Jill's relationship and devotion to her children the trial court granted custody to Jill.

The same juvenile officer again testified as a witness for Jill at the modification hearing. Following dissolution Jill had visited with the officer and sought her advice concerning the problems relating to Jill's custody of the children and their relationship with Lyle. Her testimony again strongly supported Jill.

Lyle married his present wife February 14, 1974. That marriage appears stable and happy. Lyle's present wife testified he is an excellent father to her daughter from a previous marriage. Unlike Jill, she is not working outside the home and would be a full-time mother to the children if custody was awarded Lyle.

 I. The well-settled, controlling principles were explained in *Davis v. Davis,* 237 N.W.2d 455, 457 (Iowa 1976). They need not be repeated here. Because of the strongly conflicting evidence concerning Jill's fitness as a mother this appeal is uniquely appropriate for application of the principle according weight to the trial court's findings. *Paxton v. Paxton,* 231 N.W.2d 581, 584 (Iowa 1975). It is apparent Jill's life style is such that it might have adversely affected the children. The trial court concluded however that it had not.

Giving weight to the trial court's finding we are disposed to agree.

II. The trial court was in error in ordering Lyle to contribute toward Jill's attorney's fees. In this contention Lyle relies on *Dworak v. Dworak,* 195 N.W.2d 740, 743 (Iowa 1972). Jill contends *Dworak* precludes only fees for counsel of an applicant seeking modification of the decree. She relies on language in *In re Marriage of Zoellner,* 219 N.W.2d 517, 523 (Iowa 1974).

This case presents no claim of contempt for which attorney's fees are allowed under § 598.24, The Code. We find no authority in chapter 598, The Code, which provides for the allowance of attorney's fees in an application for modification of a dissolution decree. Cf. *Arnold v. Arnold,* 258 Iowa 850, 860, 140 N.W.2d 874, 880 (1966); *Hensen v. Hensen,* 212 Iowa 1226, 238 N.W. 83 (1931).

The case must be remanded with directions that the trial court delete its allowance of attorney's fees for Jill's counsel.

Affirmed in part, reversed in part and remanded with directions.