**In re MARRIAGE OF Lois I. JENSEN and Jon L. Jensen.**

**Upon the Petition of Lois I. Jensen, Appellant, and concerning Jon L. Jensen, Appellee.**

No. 2–57653.

Supreme Court of Iowa.

March 16, 1978.

David F. McGuire, Cedar Rapids, for appellant.

David E. Schoenthaler, Maquoketa, for appellee.

REYNOLDSON, Justice.

The trial court dismissed without hearing an application to modify the alimony provisions of a dissolution decree. The applicant brings this appeal asserting she was summarily denied her day in court. We agree and therefore reverse and remand.

April 23, 1971, the marriage between Lois I. Jensen and Jon L. Jensen was dissolved by a decree which incorporated a stipulation specifying child support, alimony and other matters.

September 25, 1972, Jon filed an application to terminate the alimony. Lois filed a counterapplication to increase alimony. Following a November 20, 1972 hearing, trial court denied both applications.

June 25, 1973, Jon filed an application seeking termination of child support, which was granted. Trial court's ruling contained the following observation: "The court also feels that if there has been a substantial change in circumstances which would justify an increase in alimony not contemplated by Paragraph 11 of the stipulation, that would have to be taken care of in another application at another time."

Lois' 1974 amended application for additional alimony was met with a "Motion to Dismiss, Motion to Strike and Motion for More Specific Statement." Trial court on May 24, 1974 gave Lois ten days "to amend her amended application for modification of decree, so as to spell out the precise facts upon which she alleges the change of circumstances to rest * * *." The motions to dismiss and to strike were held in abeyance.

Petitioner's "Amendment to Amended and Substituted Application for Modification of Decree" alleged there had been a material and substantial change in circumstances since the original decree and since any subsequent intervening proceeding which considered an application for the same relief. There followed at least 13 factual allegations asserting, *inter alia*, her failure to secure employment although making more than 50 applications, premature termination of child support, health problems requiring medication, unanticipated runaway inflation, mounting expenses over her minimal income, large increases in indebtedness, exhaustion of unemployment benefits, and recourse to the food stamp program.

August 8, 1974, almost two years after the last hearing directed to this issue, trial court, examining the "evidence" thus pleaded, dismissed the petition.

■ I. In considering a motion to dismiss, the pleading attacked must be examined to determine whether it appears to a certainty the pleader has failed to state a claim for which relief may be granted. This certainty must extend to any set of facts which could be proven in support of the claims asserted in the pleadings. *Murphy v. First Nat. Bank of Chicago*, 228 N.W.2d 372, 375 (Iowa 1975); *Turner v. Thorp Credit, Inc.*, 228 N.W.2d 85, 88 (Iowa 1975); *Rick v. Boegel*, 205 N.W.2d 713, 715 (Iowa 1973).

■ Other rules are applicable when the application is considered on its merits following an opportunity to submit evidence. To justify modification as to child support

or alimony "some material change must be shown in the circumstances of the parties, financially or otherwise, making it equitable that other or different terms be imposed." *Spaulding v. Spaulding*, 204 N.W.2d 634, 635 (Iowa 1973). This required material and substantial change must have occurred since the date of the original decree or any subsequent intervening proceeding which considered the situation and rights of the parties upon an application for the same relief. *Dworak v. Dworak*, 195 N.W.2d 740, 742 (Iowa 1972). These rules have only indirect bearing on the issue whether a motion to dismiss an application should be granted.

**II.** We hold the allegations of the application filed by Lois were sufficient to entitle her to a day in court. For example, after hearing evidence concerning 50 unsuccessful job applications, trial court might have been justified in concluding Lois was unemployable, a circumstance which may not have been present, discoverable, or anticipated when the dissolution decree was entered or at the time of the 1972 hearing. Upon hearing, trial court may have been convinced the ravages of inflation on the economic situation of an unemployed woman with an income of about $225 per month, coupled with other circumstances, constituted a material and substantial change. See *Spaulding v. Spaulding*, 204 N.W.2d at 636; *Dworak v. Dworak*, 195 N.W.2d at 742.

The allegations in the application before us allege facts similar to those which justified an increase in alimony in *Page v. Page*, 219 N.W.2d 556, 558 (Iowa 1974):

> "We are faced, then, with plaintiff's physical condition, which, although materially unchanged since the date of the divorce, has occasioned additional medical expense and has made it increasingly difficult to get and keep employment; her decreased earnings; the additional cost of educating Paula; and defendant's increased earnings.
>
> "In addition to these circumstances we may also take into account the inroads which inflation has made upon the purchasing power of the dollar. (Citations)."

**III.** Although we understand trial court's urgency to move on to other litigation, a part of the problem here was occasioned by the unique procedure it adopted. Applicant was required to plead "precise facts". Trial court in its ruling then observed it had "essentially considered this matter on its merits taking the strongest view of the evidence in favor of the petitioner."

This sort of summary judgment procedure is unknown to our rules of civil procedure. It cuts across our long-established rule that a party is not required or permitted to plead evidential facts. *Brekken v. County Bd. of Rev. for Story County*, 223 N.W.2d 246, 247–248 (Iowa 1974); *Miller v. Scholte*, 191 N.W.2d 773, 777 (Iowa 1971). It results in Jon asserting in his brief "The allegations of health problems and requirement of medication is not detailed and for all we know the Petitioner was suffering from a common cold * * *." Finally, a determination on the "evidence" alleged in an application cripples this court's function to provide de novo review in an equity proceeding.

**IV.** On the appeal Lois' attorney has filed an application for fees for services in both district court and in connection with this appeal. The application must be denied because there is no authority in chapter 598, The Code, for allowance of attorney fees on an application to modify a dissolution decree. *Dworak v. Dworak*, 195 N.W.2d 740, 743 (Iowa 1972). Cf. *In re Marriage of Havener*, 240 N.W.2d 670, 671 (Iowa 1976).

**V.** Nothing written in this opinion is intended to reflect what a proper disposition on the merits should be. We merely reverse with directions to overrule the motions filed by respondent and for further proceedings in conformance herewith.

REVERSED AND REMANDED WITH DIRECTIONS.

All Justices concur except HARRIS, J., MOORE, C. J., and LeGRAND, J., who dissent.

REES, J., takes no part.

HARRIS, Justice (dissenting).

I respectfully dissent. No one quarrels with Lois's right to petition for modification on the basis of changed circumstances. If she claimed facts amounting to a change of circumstances then she would be entitled to a hearing and a chance to prove her claims. But I disagree that Lois has been denied her "day in court" as the majority claims.

There have been previous days in court for Lois in this dispute and they have unquestionably come at great expense to her and to Jon. In these unfortunate and often bitter disputes I don't think it is asking too much to require factual allegations which would suffice as a change of circumstances before putting a former spouse to the expense of appearing to defend against them.

The trial court recognized this by allowing an "amendment to the amended and substituted application for modification." Since Lois was thereafter unable to come up with any specific factual claims amounting to changed circumstances I do not believe the trial court erred in its ruling.

The trial court's language in observing it has "essentially considered this matter on its merits taking the strongest view of the evidence in favor of the petitioner", is criticized by the majority. I agree the trial court had no evidence to consider, in its "strongest view" or otherwise. Still Lois was not harmed because she did not plead facts which even if taken as *true* would entitle her to the relief she sought.

Lois listed nine complaints.

(1) Lois asserts there was an increase in Jon's income. Under the original decree Lois gets ten percent of Jon's additional adjusted income over $16,500. Accordingly it cannot be said the $20,160.95 she claims Jon now earns was beyond the contemplation of the trial court.

(2) In its earlier ruling on Jon's application to modify and Lois's counterapplication to modify the trial court found Lois was unemployed. Thus her allegation of present unemployment is not a change of circumstances.

(3) Lois asserts circumstances have changed by reason of termination of child support. However the original decree provided for termination of the child support in September of 1974. Payments were terminated before that date because the parties' only child completed high school one year early and, supported by Jon, went to Europe. Termination of child support was obviously contemplated by the trial court when it fixed the alimony amount.

(4) Lois complains premature loss of child support caused her to be in a serious financial plight. But the child support payments in the original decree were contemplated support for the child not for Lois.

(5) Lois details circumstances of serious financial difficulties which require her to obtain food stamps, leave her unable to meet her bills, compel her to obtain loans, and show she incurs more expenses than her total monthly income. However it must be remembered Lois's unemployment was a prior circumstance existing at the time of the prior decree. By the original decree Jon assumed all predissolution debts of the couple except the house mortgage. Lois received the home subject to assumption by her of the mortgage. While Lois's claims reveal a tragic story they do not establish a change of circumstances.

(6) Lois complains she has experienced health problems and is required to take medication. But she alleges no unusual health care costs nor any condition which prevents her from working.

(7) Lois complains she has applied for many jobs without success. The majority seizes on Lois's health problems and her unsuccessful job applications in its holding she was entitled to a hearing. The majority believes it may have appeared at a hearing that she was unemployable. I do not think it is the business of the court to indulge in such speculation when Lois herself did not. She makes no claim that she was unemployable.

(8) Lois complains of the rising cost of living. However this is not always a change of circumstances. In *Mears v.*

*Mears*, 213 N.W.2d 511, 519 (Iowa 1973) we noted inflation works both ways. In *Page v. Page, supra*, 219 N.W.2d at 553 we noted inflation may affect the party with less income more than the party with the greater income. But no hearing was necessary to show the cost of living has continued to rise. Lois did not allege anything to indicate Jon's or Lois's economic positions have been notably affected by inflation since the date of the prior decree.

(9) Finally Lois complains she has exhausted all unemployment compensation benefits and does not qualify for any further ones. Exhaustion of such benefits must have been anticipated by the trial court at the time of the prior decree. Unemployment benefits have always been known to be temporary in nature.

Lois did not allege any facts which if proven would have entitled her to a modification. If Lois can prove facts which amount to changed circumstances surely she can allege them. I think it was proper for the trial court to sustain Jon's motion to dismiss.

I would affirm.

MOORE, C. J., and LeGRAND, J., join in this dissent.