In re the MARRIAGE OF Ruth Marie BOLSON and Kenneth Bolson, Jr. Upon the Petition of Ruth Marie Bolson, Appellee,

And Concerning Kenneth Bolson, Jr., Respondent,

Kenneth Bolson, Sr., and Grace Bolson, Paternal Grandparents–Appellants.

No. 88–566.

Supreme Court of Iowa.

May 17, 1989.

Andrew P. Nelson of Meyer, Lorentzen & Nelson, Decorah, for appellants.

Marion L. Beatty of Miller, Pearson, Gloe, Burns, Beatty & Cowie, P.C., Decorah, for appellee.

Considered by HARRIS, P.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

An Iowa statute authorizes attorney fee awards to the prevailing party in a proceeding to modify a dissolution of marriage decree. The question here is whether a petition for visitation by grandparents qualifies as such an application. The trial court determined these grandparents had in fact applied to modify the decree. Attorney fees were awarded in favor of counsel for their former daughter-in-law. We affirm.

The marriage of Ruth Bolson and Kenneth Bolson, Jr., was dissolved in April 1985. At that time their two children were placed in Ruth's custody. Kenneth, Jr., was denied visitation rights as part of a stipulation providing that he would consent to termination of his parental rights in return for Ruth's waiver of child support. The children's paternal grandparents, Kenneth Bolson, Sr., and Grace Bolson, were not parties to the dissolution action and were not privy to the stipulated agreement to terminate their son's parental rights.

After the dissolution decree was entered the grandparents filed a request for grandparent visitation, labeling it a petition for modification and visitation. Grandparents may petition for court-ordered visitations under Iowa Code section 598.35 (1987). It provides:

The grandparents of a child may petition the district court for grandchild visitation rights when:

1. The parents of the child are divorced, or

2. A petition for dissolution of marriage has been filed by one of the parents of the child, or

3. The parent of the child, who is the child of the grandparents, has died, or

4. The child has been placed in a foster home.

A petition for grandchild visitation rights shall be granted only upon a finding that the visitation is in the best interests of the child.

Ruth's special appearance, based on a jurisdictional claim, was sustained but reversed on appeal. *In re Marriage of Bolson*, 394 N.W.2d 361, 364 (Iowa 1986). After remand the grandparents' request was reinstated. The district court denied the request, holding that it was contrary to the children's best interest to require them to return to Iowa from their present home in California for the sake of visitation with the grandparents. The district court did provide that the grandparents would be allowed to send gifts, cards, and letters to the children.

The trial court also allowed attorney fees for Ruth, fixing them at $5000. Cited authority for the attorney fee award is Iowa Code section 598.36. It provides:

In a proceeding for the modification of an order or decree under this chapter the court may award attorney fees to the prevailing party in an amount deemed reasonable by the court.

On appeal the grandparents contend that section 598.35 does not empower the award. They deny their request was for modification as contemplated in the statute.

I. Prior to the enactment of section 598.36 in 1984 there was no authority to award attorney fees in a proceeding to modify a dissolution decree. *In re Marriage of Havener*, 240 N.W.2d 670, 671 (Iowa 1976). The public policy reasons for the section are readily apparent. Modification should not be controlled or even influenced by comparative wealth; individuals with ample financial resources should not be allowed to exploit their advantage over those individuals with fewer financial resources by bringing applications too expensive to defend.

These grandparents rely on language in the case of *Matter of Adoption of Gardiner*, 287 N.W.2d 555, 557 (Iowa 1980), which states:

Section 598.35 was placed in the chapter of the Code on marriage dissolution, but this appears to be the action of the Code Editor. The act which created section 598.35 was an independent one containing only the provisions of that section; it was not amendatory of chapter 598 or any other chapter. 1974 Session, 65th G.A., ch. 1253.

The reliance is misplaced. The language quoted from *Gardiner* merely pointed out that section 598.35 has application beyond dissolution proceedings and authorizes court-ordered visitations after an adoption.

We think the legislature intended for the attorney fee provisions of section 598.36 to apply to modification proceedings instituted by grandparents under section 598.35. Section 598.36 was adopted after section 598.35 was in place. Yet the legislature chose language addressing all modifications. We can only conclude that the deci-

sion not to exempt grandparents' applications was made deliberately.

We need not and do not decide whether attorney fees under section 598.36 are allowable when, as in *Gardiner,* grandparents seek visitation by proceedings other than section 598.35 applications to modify. Although the grandparents in this case contend otherwise it is clear that their petition was an application to modify the dissolution decree.

The case has been treated from its inception as a modification proceeding. In their brief in support of their resistance to Ruth's special appearance the grandparents argued that the children's move to California was a sufficient change of circumstances to require modification of the decree. The grandparents' position in the subject matter jurisdiction dispute was based entirely on their contention that the modification proceeding was the proper way to obtain visitation rights. It was not until after the award of attorney fees that they contended this action was not a modification proceeding.

II. We approve the $5000 amount of the fee. It is well established that the trial court has considerable discretion in awarding attorney fees in modification proceedings, taking into consideration each parties' resources and financial needs. *In re Marriage of Phipps,* 379 N.W.2d 26, 29 (Iowa App.1985). The award is affirmed.

The mother also seeks attorney fees for her defending this appeal. In a modification action the successful party may be awarded attorney fees on appeal. *In re Marriage of Lawson,* 409 N.W.2d 181, 183–84 (Iowa 1987). The grandparents are directed to pay $1500 toward the mother's attorney fees on appeal.

AFFIRMED.