In the Matter of the GUARDIANSHIP AND CONSERVATORSHIP OF Martha SCHMIDT.

**Lester SCHMIDT, Appellant,**

v.

**Leroy ROHDE, as Guardian and Conservator of the Estate of Martha Schmidt, Appellee.**

No. 86–238.

Supreme Court of Iowa.

Feb. 18, 1987.

Richard E.H. Phelps II, Newton, for appellant.

Macauley Carter, Jr. of Johnson, Sudenga, Carter, Latham & Peglow, Marshalltown, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

HARRIS, Justice.

This is a single-issue appeal. Who should be guardian and conservator for Martha Schmidt? Plaintiff is the ward's stepson who claims to stand closer to her than the guardian-conservator appointed by the trial court. We nevertheless agree with the trial court that the stepson cannot mount a collateral attack on the selection.

A guardian and conservator is clearly needed. In early 1985 the eighty-eight-year-old, blind ward suffered a "fairly severe cerebrovascular accident," which left her partially paralyzed on her right side. In March of 1985, while recovering from a gallbladder operation, Mrs. Schmidt filed an unverified petition for appointment of a guardian and conservator. The petition proposed that defendant, Leroy Rohde, serve.

Opening of the conservatorship was routine. An order of appointment was entered March 8, the same day the petition was filed. Bond was fixed and posted. On March 11 Mrs. Schmidt was moved to a nursing home where she resided at the time of the hearing.

Plaintiff is Mrs. Schmidt's stepson who lived with her for forty-five years. The court file indicates plaintiff is indebted to the ward. On June 24, 1985, plaintiff filed an application, asserting that Mrs. Schmidt did not understand the consequences of her voluntary petition and that he, plaintiff, should be substituted as guardian and conservator. Although he later amended the application to ask that the proceedings be vacated, it is apparent that the ward cannot attend to her own affairs.

The trial court sustained guardian-conservator's motion to dismiss the stepson's application. This appeal followed.

Iowa Code section 633.679 (1985) provides:

At any time, not less than six months after the appointment of a guardian or conservator, *the person under guardianship or conservatorship* may apply to the court by petition, alleging that the person is no longer a proper subject thereof, and asking that the guardianship or conservatorship be terminated.

(Emphasis added.)

▌Authority to petition for termination is limited to the ward. Conspicuously absent from this statutory grant of authority are others, including interested stepsons. We think the omission of others was no oversight. The legislature demonstrated a clear ability to draft statutes granting petitioning authority to others. For example Iowa Code section 633.552 provides: *"Any person* may file with the clerk a verified petition for the appointment of a guardian."* (Emphasis added.) Section 633.566 provides: *"Any person* may file with the clerk a verified petition for the appointment of a conservator."* (Emphasis added.)

Present section 633.679 has been a part of our Code since 1897. Under it we have never recognized a termination proceeding instituted by anyone other than the ward. Rather, we have said the section "provided the *only* method by which guardianships created under [the statute] could be judicially terminated." *Neidermyer v. Neidermyer,* 237 Iowa 685, 693, 22 N.W.2d 346, 350 (1946) (emphasis in original). The legislature apparently thought that any ward who needed someone else to file for termination was a likely candidate to remain under a guardianship or conservatorship.

Once a need for a fiduciary is established, experience has taught us that the ward's interests would not be best served by a court's sorting through conflicting claims of persons who wish to serve.

From time to time wards need more protection from kin than from strangers. Thus, the trial court is authorized to exercise its own judgment on who might best serve in the fiduciary capacity. It is not bound by the views of the family, or even the preferences of the ward. *In re Guardianship of Vogelpohl*, 243 Iowa 701, 717, 53 N.W.2d 151, 160 (1952).

The trial court here, acting under its statutory authority and upon the ward's application, appointed a guardian-conservator. Under the circumstances it is not appropriate to entertain the claim of another family member that he should have been appointed or that the proceeding should be terminated. The trial court was correct in so holding.

AFFIRMED.