# IN THE COURT OF APPEALS OF IOWA

No. 15-1899
Filed October 12, 2016

**CORY JOSEPH MARUNA,**
Plaintiff-Appellee,

**vs.**

**KIMBERLY R. HARPER,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Clayton County, Joel A. Dalrymple, Judge.

A grandmother with guardianship over her grandchild appeals the district court's ruling denying her motion for summary judgment and compelling production of the child's health records. **AFFIRMED.**

Webb L. Wassmer of Wassmer Law Office, P.L.C., Marion, for appellant.

Jeffrey E. Clements, West Union, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

A grandmother with guardianship over her grandchild was granted interlocutory review of district court rulings (1) denying her motion for summary judgment on the father's custody petition and (2) compelling the production of the child's health records to the father.

## I.    *Background Facts and Proceedings*

Parents Cory Maruna and Samantha Peters consented to the appointment of Peters' mother, Kimberly Harper, as guardian of their child.  In time, Maruna petitioned for custody.  The district court granted the petition and terminated the guardianship.  This court reversed.  *See Maruna v. Peters*, No. 12-0759, 2013 WL 988716, at *4 (Iowa Ct. App. Mar. 13, 2013).  We concluded it was in the child's best interests to keep the guardianship in place because "a change of custody would disrupt the physical and mental health of this fragile child."  *Id.*

Nineteen months after the filing of our opinion, Maruna again petitioned for custody and sought termination of the guardianship.  Harper moved for summary judgment, alleging "Maruna lacks standing to seek termination of the [g]uardianship," the "[c]ourt lacks jurisdiction to terminate the [g]uardianship," and "[n]o substantial change of circumstances sufficient to alter the [prior] orders . . . is alleged or exists."  Maruna resisted the motion on the ground there was a substantial change of circumstances.  He also filed a motion to compel discovery of the child's health records.

The district court denied Harper's motion for summary judgment and granted Maruna's motion to compel production of the child's medical records.

Harper sought and obtained permission to file an interlocutory appeal. The case was transferred to this court for disposition.

## II. Analysis

### A. Summary Judgment Ruling

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 1.981(3).

#### i. Standing – Iowa Code section 633.679

Harper preliminarily contends "Maruna lacks standing to seek termination of the guardianship." We question whether we need to address this issue because Maruna's resistance asserted he was "not, at this time, seeking termination of the guardianship." Despite this concession, we will address Harper's argument, which is premised on Iowa Code section 633.679 (2015). This provision confers authority to terminate a guardianship on "the person under guardianship," and because Maruna is the parent of the "person under guardianship," Harper claims he lacks standing. Iowa Code § 633.679(1).

The Iowa Supreme Court has stated the quoted language of section 633.679 means what it says. *See In re Guardianship and Conservatorship of Schmidt*, 401 N.W.2d 37, 38 (Iowa 1987). In *Schmidt*, an adult woman petitioned for appointment of a guardian and conservator, naming the person she hoped to serve in those capacities. *See id.* The district court granted the petition. *See id.* Several months later, the woman's stepson sought to substitute himself as guardian and conservator and to have the guardianship proceeding vacated. *See id.* The district court dismissed the stepson's application. *See id.* The Iowa

Supreme Court affirmed the decision. *See id.* at 39. The court reasoned, "Authority to petition for termination is limited to the ward." *Id.* at 38. The court continued,

> Present section 633.679 has been a part of our Code since 1897. Under it we have never recognized a termination proceeding instituted by anyone other than the ward. Rather, we have said the section "provided the *only* method by which guardianships created under [the statute] could be judicially terminated." The legislature apparently thought that any ward who needed someone else to file for termination was a likely candidate to remain under a guardianship or conservatorship.

*Id.* (citation omitted).

Although *Schmidt* appears to support Harper's contention that Maruna lacked standing to seek termination of the guardianship, the opinion is distinguishable. Schmidt was an adult who had the capacity to file a voluntary guardianship petition. Harper's grandchild was a pre-teen who was in no position to petition for termination of the guardianship with her grandmother.

Beyond this factual difference, the statutory framework does not support such a restrictive reading of section 633.679. Several provisions within chapter 633 envision the termination of guardianships over minors without a prior filing of a petition by the minor. For example, section 633.551(2) states that either the ward or the guardian may petition to terminate the guardianship. *See* Iowa Code § 633.551(2). Section 633.551(3) gives the district court, rather than the ward, authority to determine the scope of the guardianship in deciding whether a guardianship should be terminated. *See id.* § 633.551(3). Section 633.675(1)(a) says a guardianship shall cease "[i]f the ward is a minor, when the ward reaches full age." *Id.* § 633.675(1)(a). Section 633.675(1)(d) states a guardianship shall

cease "[u]pon determination by the court that the conservatorship or guardianship is no longer necessary for any other reason." *Id.* § 633.675(1)(d). Section 633.675(2) states a guardianship created under the child-in-need-of-assistance statute shall not be terminated before the child turns eighteen "unless the court finds by clear and convincing evidence that the best interests of the child warrant a return of custody to the child's parent." *Id.* § 633.675(2). Section 633.679(2) omits reference to the ward as filer in connection with guardianships created under the child-in-need-of-assistance statute. *See id.* § 633.679(2). In sum, the statutory scheme on guardianships over minors contemplates termination of guardianships at the behest of people other than the ward, by the district court on its own motion, or automatically when the child turns eighteen. Accordingly, section 633.679 cannot be read as precluding parents from filing requests for termination of guardianships over their minor children.

Case law supports this interpretation. Both before and after *Schmidt*, our appellate courts considered petitions to terminate guardianships filed by parents of minor children. *See In re Guardianship of Stewart*, 369 N.W.2d 820, 822-23 (Iowa 1985) (considering father's application to terminate guardianship with grandparents); *Patten v. Patrick*, 276 N.W.2d 390, 393 (Iowa 1979) (considering father's petition to terminate a guardianship over his child pursuant to section 633.675(1)(d))[1]; *In re Guardianship of Sams*, 256 N.W.2d 570, 571 (Iowa 1977) (considering mother's application for termination of guardianship); *In re H.M.S.*, No. 15-0898, 2016 WL 1130963, at *4-5 (Iowa Ct. App. Mar. 23, 2016) (considering father's petition to terminate guardianship with maternal aunt and

---

[1] This provision was then numbered section 633.675(4).

uncle); *Stanley v. Aiken*, No. 09-0723, 2010 WL 2602172, at \*4-6 (Iowa Ct. App. June 30, 2010) (considering request by mother to terminate guardianship); *In re Guardianship of Roach*, 778 N.W.2d 212, 214-16 (Iowa Ct. App. 2009) (considering mother's petition to terminate a guardianship of her child with paternal grandparents); *In re Guardianship of Briggs*, No. 06-2083, 2007 WL 1827517, at \*3-5 (Iowa Ct. App. June 27, 2007) (considering father's petition to terminate the maternal grandmother's guardianship of his son); *In re Guardianship of Hall*, No. 02-0845, 2003 WL 1969282, at \*2-5 (Iowa Ct. App. Apr. 30, 2003) (considering petition to terminate guardianship filed by parents of child).

This case law makes sense. Qualified and suitable parents are afforded a statutory preference for appointment as guardian. *See* Iowa Code § 633.559. The preference would be meaningless if it did not come with the ability to seek termination of an existing guardianship. We conclude Maruna, as the father of the minor ward, had standing to seek termination of the guardianship.

> ii. *Jurisdiction Under the Uniform Child Custody Jurisdiction and Enforcement Act*

Harper next argues the district court had "no jurisdiction to terminate the [g]uardianship" under Iowa Code chapter 598B, the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). In her view, a modification of the initial determination "must be made in the context of the previously filed [g]uardianship proceeding as that [g]uardianship fixed the legal relationships of the parties." But the first set of custody and guardianship proceedings were consolidated for disposition, and the district court similarly addressed Maruna's

second request for custody and termination of guardianship together. We discern no jurisdictional concerns with the court's joint treatment of custody and guardianship matters. *See Stewart*, 369 N.W.2d at 824 (addressing parent's request for termination of guardianship and grandparents' request for custody).

Harper also asserts Maruna is a Wisconsin resident and she and her grandchild are Iowa residents. However, she does not tie this assertion to her jurisdictional challenge. Discerning no basis under the UCCJEA for Wisconsin to exercise jurisdiction, we conclude Iowa appropriately exercised jurisdiction.

*iii.    Custody*

A party moving for summary judgment "bears the burden of showing the nonexistence of an issue of fact." *Walker v. Gribble*, 689 N.W.2d 104, 108 (Iowa 2004). "A factual issue is material when 'the dispute is over facts that might affect the outcome of the suit, given the applicable law.'" *Id.* (citation omitted).

Harper contends Maruna "presented no evidence of any material change of circumstances . . . sufficient to alter the orders issued in those cases."[2] This bare assertion was insufficient to carry her burden. In addition, the underlying custody issue involved a dispute over facts. Summary judgment was not the appropriate vehicle for resolving the issue. *See In re Jensen*, 251 N.W.2d 252, 254 (Iowa 1978) (concluding dismissal of alimony claim on pleadings inappropriate because it "cripple[d] th[e] court's function to provide de novo review in an equity proceeding"); *In re Marriage of Rykhoek*, 525 N.W.2d 1, 5 (Iowa Ct. App. 1994) (concluding summary judgment inappropriate on child

---

[2] Although Maruna did not file affidavits in resistance to the summary judgment motion, he did file a verified custody petition, which "is equivalent to an affidavit." *See Chandler v. Taylor*, 12 N.W.2d 590, 595 (Iowa 1944).

visitation issue).  The court had to determine what custodial relationship was in the child's best interests.  *See Stewart*, 369 N.W.2d at 824.  This was a paradigmatic case for an evidentiary hearing.  Accordingly, the district court did not err in denying Harper's motion for summary judgment.

### B.    Motion to Compel Production of Health Records

Maruna filed a motion to compel, seeking "[c]opies of all medical records for [the child] including . . . mental health, counseling, and therapy records." Maruna asserted he was "entitled to the records as the minor child's father."  The district court granted the motion.

On appeal, Harper asserts "J.H.'s medical records are not discoverable." She cites *Ashenfelter v. Mulligan*, 792 N.W.2d 665, 671-72 (Iowa 2010), in which the court held a parent's health records were protected by the constitutional right to privacy and, even if the court were to weigh the parent's privacy interest against other public interests, the parent's records would remain protected from a request by grandparents seeking visitation.

*Ashenfelter* is inapposite.  Maruna is a parent who has legal access to information concerning the child.  *See* Iowa Code § 598.41(e) ("Unless otherwise ordered by the court in the custody decree, both parents shall have legal access to information concerning the child, including but not limited to medical, educational and law enforcement records.").  Harper does not argue release of the records would contravene the child's best interests.  *See Harder v. Anderson, Arnold, Dickey, Jensen, Gullickson & Sanger, L.L.P.*, 764 N.W.2d 534, 538 (Iowa 2009) (noting the court was required to decide what was in the child's best interests where the parent sought records and the mental health provider claimed

release of records was not in the child's best interests).  We conclude the district court appropriately granted Maruna's motion to compel.

### C.    Attorney Fees

Harper contends she is entitled to attorney fees if we reverse the district court's summary judgment ruling.  Because we are affirming the ruling, we find it unnecessary to address this issue.

**AFFIRMED.**