J. C. BREKKEN et al., Appellants,

v.

COUNTY BOARD OF REVIEW FOR STORY COUNTY, Appellee.

No. 55898.

Supreme Court of Iowa.

Nov. 13, 1974.

Denis Reed, of Brekken, Deppe & Reed, Story City, for appellants.

Donald L. Smith, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES, and HARRIS, JJ.

HARRIS, Justice.

This appeal involves a trial court ruling on a routine motion to strike and to dismiss. We reverse and remand.

J. C. Brekken, Charles D. Deppe, and Denis Y. Reed (plaintiffs) own real property in Story City. They brought this action in district court as an appeal from the valuation of their property for tax purposes. The petition alleged the Story County assessor had appraised the property in an amount plaintiffs considered excessive. It was alleged plaintiffs appealed the assessment to the board of review (the board) seeking a reduction in the assessment. See § 441.35, The Code. This action was brought pursuant to § 441.38, The Code, which authorizes an appeal to district court from actions by a board of review.

The petition was in seven paragraphs. The first alleged purchase of the property by contract and recited a copy of the contract was attached. The sixth paragraph asserted the appeal had been taken to the board of review on May 23, 1972.

The board responded to the petition by filing a motion to strike and to dismiss in three paragraphs. The first alleged the copy of the contract had not been attached as alleged. The motion's second paragraph attacked the petition's sixth paragraph on the claim it was a pleading of evidence. The third paragraph of the motion pointed out that May 23, 1972, the date alleged in paragraph three of the petition, was three days beyond the 20 day period in which appeals to a board of review are allowed. See § 441.37, The Code, 1971.

Plaintiffs responded to this motion before it was ruled upon. Plaintiffs filed an amendment to which was attached a copy of the contract. The amendment also struck from paragraph three the reference to May 23, 1972 and substituted an allegation the appeal had been undertaken between May 1 and May 20, 1972.

■■ I. The trial court thereafter entered a short general ruling sustaining the motion to strike and to dismiss. This was reversible error. Rule 118, Rules of Civil Procedure, is specific: "A motion, or other matter involving separate grounds or parts, shall be disposed of by separate ruling on each and not sustained generally." In Ruby v. Easton, 207 N.W.2d 10, 14–15 (Iowa 1973) we held the rule to be obligatory. Ordinarily a failure to comply is reversible error.

■ II. It was error to sustain the motion to dismiss in any event. Rule 88, R.C.P., provides a pleading may be amended any time before a *pleading* has been filed responding to it. Under the express language of rule 69, R.C.P., a *motion* is not a *pleading*. Hence plaintiffs were free to amend their petition and it stood as amended when ruled upon. Any ground for the motion to dismiss had ceased to exist. It was error to sustain the motion.

■ III. The motion to strike paragraph six of plaintiffs' petition should have been sustained. A party is not required or permitted to plead evidential facts. Miller

v. Scholte, 191 N.W.2d 773, 777 (Iowa 1971). The price paid for the property by plaintiffs was an evidential, not an ultimate, fact.

Reversed and remanded.