# IN THE COURT OF APPEALS OF IOWA

No. 24-1208
Filed November 13, 2025

MARGARET SADDORIS, LARRY SADDORIS, GARY GOODWIN, SHEILA
GOODWIN, STEVE HARRISON, PATTY HARRISON, JOHN HAMILTON, ALICE
HAMILTON, MATT SADDORIS, GARY HARRISON, JULIE HARRISON, KEN
BOSE and SUE BOSE,
    Plaintiffs-Appellants,

vs.

MEMBERS OF THE CITY COUNCIL, MAYOR FOR THE CITY OF JEFFERSON
and the CITY OF JEFFERSON, a MUNICIPAL CORPORATION,
    Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Greene County, Jennifer Miller,

Judge.


        Property owners appeal the district court's dismissal of their petition for writ

of certiorari challenging a rezoning decision by the City of Jefferson.  **AFFIRMED.**


        Clinton M. Fichter (argued), Avoca, for appellants.

        Julia C. Adams (argued), Zachary D. Clausen, and Douglas L. Phillips of

Klass Law Firm, L.L.P., Sioux City, for appellees.


        Heard at oral argument by Tabor, C.J., and Ahlers and Langholz, JJ.

**LANGHOLZ, Judge.**

Thirteen property owners in the City of Jefferson appeal the district court's dismissal of their petition for a writ of certiorari challenging the city council's decision to rezone a parcel of land. They make two arguments for reversal. First, they argue that the court erred in holding that their petition failed to plead sufficient facts to show their standing to challenge the rezoning decision. And second, they argue that the court abused its discretion in not letting them amend their petition to cure any deficiency by alleging more facts.

Neither argument succeeds. The district court correctly dismissed the petition for lack of standing. The mere ownership of property in the city—none of which was alleged to be near the rezoned property—does not show a specific personal or legal interest that has been or is imminently likely to be harmed by the rezoning decision. Nor does the conclusory allegation that they were "substantially injured" by the city's decision satisfy the requirement to plead standing.

And the property owners' second argument—that the court should have let them amend their petition—is not preserved for our review. They did not raise this issue to the district court before its dismissal ruling by making a written or oral motion for leave to amend—suggesting at oral argument that they "could amend" the petition "if the Court wishes" is not a motion. What's more, they could have filed an amended petition—without needing the court's permission—at any time in the two months between the city moving to dismiss and the court's dismissal ruling. But they did not do so. And asking the court to reconsider its dismissal order to permit an amended petition is too late to raise this new issue. We thus affirm the district court's dismissal of the property owners' petition for a writ of certiorari.

## I.      Factual Background and Proceedings

"A new, 50-unit apartment complex with a modern design that ties nicely with the aesthetic of the city."[1] That was what an Indianapolis developer proposed to build on West Head Street in Jefferson. The developer bought the 6.93-acre tract of land in November 2023 and, that same month, asked the city to rezone the property from light industrial to multi-family residential.

The city mailed notices to property owners whose land was within two-hundred feet of the tract at issue. In response, the city received eleven protest petitions, representing about eighty percent of the neighboring property owners. That level of protest triggered the requirement for a supermajority vote of the city council for the proposed ordinance change. *See* Iowa Code § 414.5 (2023).

In February 2024, the city council held a public hearing on the rezoning request. The minutes from that meeting reported that "there was a very lengthy discussion with several residents and citizens that voiced concerns and spoke against the zoning change." On the other side, the mayor and city council shared letters of support for the change from Wild Rose Casino & Hotel, the Greene County Community School District, and Jefferson Telecom. After the public hearing, the city council approved the first reading of the ordinance changing the zoning classification. Two weeks later, the council heard more discussion from citizens supporting and opposing the project before approving the second reading of the zoning ordinance. Then in March, by a four-to-one vote, the city council adopted the ordinance, which rezoned the property of the new development.

---

[1] As this appeal is from a ruling on a motion to dismiss, we take our facts from the property owners' petition for a writ of certiorari and its attachments.

One month later, thirteen property owners petitioned for a writ of certiorari and injunctive relief from the new zoning ordinance.[2]  They named members of the city council, the mayor, and the city itself as respondents.  And they described themselves as "residents and property owners who are subject to the zoning jurisdiction."  The property owners also alleged that they had "standing as taxpayers of the city of Jefferson and as persons substantially injured by the actions of the respondents."  The petition listed six couples and one individual, and alleged that each had "an interest in" a particular identified address.

The property owners claimed that the adoption of the zoning ordinance was illegal for a host of reasons, including that it violated the city's comprehensive plan and was "arbitrary and capricious" in "encourag[ing] the creation of nuisance conditions and incompatible land uses by rezoning industrial property for residential uses."  They also claimed that one of the city council members had a conflict of interest because he was a teacher at the Greene County Community School District, which had publicly endorsed the zoning change.  And so, the property owners asked the court to declare the ordinance void and grant other temporary and permanent injunctive relief.

In early May—before filing their answer—the city respondents moved to dismiss the petition for failing to state a claim.  *See* Iowa R. Civ. P. 1.421(1)(f).  Along with other arguments no longer relevant, they argued that the petition failed

---

[2] *See* Iowa R. Civ. P. 1.1401 ("A party may commence a certiorari action . . . when the party claims an inferior . . . board . . . exercising judicial functions, . . . exceeded proper jurisdiction or otherwise acted illegally."); *Sutton v. Dubuque City Council*, 729 N.W.2d 796, 797–80 (Iowa 2006) (holding that a certiorari action was a proper remedy for challenging the legality of a city council's rezoning action).

as a matter of law because it did not allege facts showing that any of the property owners had standing. The property owners filed a two-page resistance with only one paragraph responding to the lack-of-standing argument. They argued that they had standing as "taxpayers of the City of Jefferson" and "due to the substantial injuries sustained to their property interests." They did not point to any allegations in their petition supporting either allegation or explain how their property interests were injured. And they did not file an amended petition adding more factual allegations or ask for the opportunity to do so.

At the June hearing on the motion to dismiss, the property owners' counsel expanded on the argument, explaining that they "were damaged because they are within the immediate area of the rezoned property, the single property that was rezoned by the city council in an island of industrial property." He also said that they "did force the city council to have to" adopt the ordinance with a supermajority vote by exercising their "special rights under the zoning code" for "every property owner within 200 feet of the rezoning area." And he offered, "if the Court wished us to amend our petition to reflect that, we could."[3] This was not the counsel's only offer to the court—when arguing on other issues, he also repeatedly suggested he could provide supplemental briefing on different points "if you wanted."

In rebuttal, the city respondents pointed out that the counsel's assertions "appear[] nowhere on the face of the petition or any of the supplemental or additional pleadings that were filed in support of the petition." They said that they

---

[3] The property owners' counsel also kicked off his standing argument with a similar offer: "And then the—the last question for standing, if it's not appropriately detailed in the petition, we could amend that, if the Court wishes, but the Respondents are all members of a special class under [the city zoning code]."

"would strongly resist any opportunity or any requests by opposing counsel to amend," noting that "[w]e have had this particular motion on file for almost a month and a half" and "[n]o written motion to amend has been made." And they similarly said they "would also resist any opportunity for supplemental briefing, as many— most of the arguments that we have raised today were all set forth in our initial motion and brief, and opposing counsel had ample opportunity to respond to that in his reply, and so there should not be now a further opportunity for him to submit supplemental briefing."

The court closed the hearing without expressing any "wish" that the property owners amend the petition or submit supplemental briefing. Instead, it took the motion to dismiss under advisement, saying that it would issue a written ruling as soon as it could. And over the next two-and-a-half weeks before the court issued its ruling, the property owners still did not file an amended petition or a motion asking for permission to do so.

In its ruling, the district court granted the city respondents' motion to dismiss for failing to allege facts showing the property owners' standing. The court explained that it could not "find a link between the passing of the ordinance and an injury to the" property owners anywhere in the petition. And it reasoned that "[t]he petition fails to set forth where the [property owners'] property is located in relation to the property that has been rezoned and how the [property owners'] property is impacted by the rezoning" and instead "only set[s] forth general concerns with regard to the legality of the enactment of the ordinance." So the court held that the property owners "have not adequately demonstrated a special injury or substantial interest different from the general public" and thus "do not have standing."

The property owners moved to reconsider and amend the ruling under Iowa Rule of Civil Procedure 1.904(2) "based upon additional information related to the standing to sue of the parties in this matter." They conceded that some of the property owners did not have standing and "may be properly dismissed." But they "ask[ed] the Court to reconsider the [property owners] separately so that those meeting the threshold for standing can continue this important claim." Specifically, they argued that five of the property owners "are owners of residential rental property and their property values, profit expectations, and property interests associated with their rental properties have been injured by the actions of the City Council." They also argued that two of these rental-property-owners had standing as owners "by virtue of their holdings in Harrison Rental Properties, LLP" of two properties "directly across the street to the west" of the rezoned property. And for the first time, they asked the court "for leave to amend [their] petition to state the basis for standing" of these five property owners.

The district court denied the property owners' 1.904(2) motion. The court reasoned that a 1.904(2) motion asking "the district court to amend its prior ruling based solely on new evidence is generally improper" and that the property owners' motion did just that by offering "supplemental information about the [property owners], the location of their property, and the damages they will incur as a result of the zoning ordinance." The property owners now appeal.

## II.     The Property Owners' Standing

The property owners first argue that the district court erred in dismissing their certiorari petition for failing to allege facts showing their standing. A party must have standing to sue in Iowa court. *See Iowa Citizens for Cmty. Improvement*

*v. State*, 962 N.W2d 780, 790 (Iowa 2021) (noting that while "standing is a self-imposed rule of restraint," it is not "any less real" because it is rooted in the Iowa Constitution and longstanding precedent (cleaned up)). This means "that a complaining party must (1) have a specific personal or legal interest in the litigation and (2) be injuriously affected." *Id.* (cleaned up). At bottom, "a party must have sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Alons v. Iowa Dist. Ct. for Woodbury Cnty.*, 698 N.W.2d 858, 863 (Iowa 2005) (cleaned up).

Petitioning for a writ of certiorari requires standing the same as bringing any other proceeding. *See id.* Merely being a citizen of the jurisdiction governed by the challenged board, officer, or tribunal is not alone enough. *See id.* at 865. Nor is being a taxpayer—except under "the well-established rule that a taxpayer may maintain an action in his own name to prevent unlawful acts by public officers which would increase the amount of taxes he is required to pay, or diminish a fund to which he has contributed." *Id.* (cleaned up). Rather, parties seeking certiorari review of a governmental body's action—like the city council's rezoning action here—must show "that they have been injured in a special manner, different from that of the public generally." *Id.* at 870.

Property owners adjacent to or nearby a rezoned property may have sufficiently specific interests that are specially damaged to satisfy the standing requirement. *See 1000 Friends of Iowa v. Polk Cnty. Bd. of Supervisors*, 19 N.W.3d 290, 297 (Iowa 2025). To decide whether they do, we look to four factors: "(1) the proximity of the person's property to the property to be . . . rezoned, (2) the character of the neighborhood, including existence of common restrictive

covenants and set-back requirements, (3) the type of change proposed, and (4) whether the person is one entitled to receive notice under the zoning ordinance." *Id.* (cleaned up). Applying these factors, the supreme court has held that five rural property owners who lived between one-and-a-half and four miles away from rezoned agricultural property that would be "a marked change" had standing to challenge a county rezoning decision. *See id.* at 298. And our court reached a similar conclusion for property owners challenging the approval of a new residential subdivision in agricultural land where they "[a]ll live adjacent or near the proposed subdivisions, the affected area is primarily farm land, and . . . several of the plaintiffs would be entitled to notice of a zoning variance or rezoning." *Reynolds v. Dittmer*, 312 N.W.2d 75, 78 (Iowa Ct. App. 1981).[4]

The standing "inquiry is separate from, and precedes, the merits of a case." *Iowa Citizens*, 962 N.W.2d at 790 (cleaned up). It is thus often raised and resolved in a motion to dismiss. *See, e.g.*, *id.* at 790–94 (reversing the denial of a motion to dismiss for lack of standing); *Citizens for Responsible Choices v. City of Shenandoah*, 686 N.W.2d 470, 475 (Iowa 2004) (affirming grant of motion to

---

[4] While relying on much of the same general standing precedent, the city respondents frame their argument as a matter of statutory standing—whether the property owners were "aggrieved" under Iowa Code section 414.15. But the property owners have never relied on that statute to authorize their certiorari action. And by its text, the statute only authorizes review of "any decision of the board of adjustment under the provisions of this chapter." Iowa Code § 414.15. The property owners are seeking review of a decision of the city council—not the board of adjustment. We thus do not consider statutory standing. We recognize too that the supreme court was interpreting a similar statute for county boards of adjustment in *1000 Friends*. *See* 19 N.W.3d at 297. But in doing so, it applied traditional standing doctrine, including our decision in *Reynolds*. *See id.* at 297–300; *see also id.* at 303 (McDonald, J., concurring in part and dissenting in part) (noting that the court was "[a]pplying our traditional standing jurisprudence"). So we see no reason not to follow *1000 Friends* here.

dismiss for lack of standing). When standing is raised at this stage of the proceeding, we—like the district court—consider "[w]hether the petition presents sufficient facts to establish that the plaintiffs have standing to sue." *1000 Friends*, 19 N.W.3d at 297. We do so "based only on the allegations in the petition" or matters properly judicially noticed. *Id.* at 298, 300. And "we accept the facts as alleged in the petition as true." *Id.* at 293. Our review of the district court's ruling is for correction of errors at law. *Iowa Citizens*, 962, N.W.2d at 787.

The district court did not err here because the property owners did not plead sufficient facts to show their standing to sue. From the petition, we know only that they are "residents and property owners who are subject to the zoning jurisdiction," and that they each are "property owners and taxpayers having an interest in" a specific piece of real estate identified by street address in the city. The petition does not allege their proximity to the rezoned property or that any of them were close enough to be entitled to notice under the zoning ordinance or special protest rights under the statute. *See 1000 Friends*, 19 N.W.3d at 297; Iowa Code § 414.5. Even taking judicial notice of online maps of the city to assess the property owners' proximity gives them no help because none of their pleaded addresses is anywhere near the rezoned property, considering the urban nature of the area. *Cf. id.* at 298. Most of the property owners are about four miles away, some are a little less than two miles away, and the closest is just shy of a mile away. True, the petition pleads that the property would be rezoned from light-industrial to residential-multifamily use and is immediately surrounded by commercial and industrial property. But the change is occurring within a city of more varied character rather than an agricultural rural area—making it much less significant.

*Cf. 1000 Friends*, 19 N.W.3d at 298; *Reynolds*, 312 N.W.2d at 78. All four standing factors thus weigh against the property owners. They have not alleged facts showing "that they have been injured in a special manner, different from that of the public generally." *Alons*, 698 N.W.2d at 870.

In arguing that their petition still adequately pleaded standing, the property owners point mainly to their bare-bones assertion that they had "standing as taxpayers of the city of Jefferson and as persons substantially injured by the actions of the respondents." They contend that this should be "sufficient to meet the threshold for standing under notice pleading, especially when viewed in light of the information provided in the hearing" on the motion to dismiss. But such a conclusory assertion, without factual allegations showing some special injury is insufficient to plead standing. *See 1000 Friends*, 19 N.W.3d at 300. The property owners' interests, "as pleaded, appear[] to be no greater than any member of the general public." *Id.* The property owners' reliance on additional factual information their counsel asserted during the hearing on the motion to dismiss is similarly misplaced—the court must base a motion-to-dismiss ruling "only on the allegations in the petition" or matters properly judicially noticed. *Id.* at 298, 300.

The property owners also argue that the district court's decision is undermined because it failed to separately consider their claim that the rezoning action "should be invalidated by reason of conflict of interest" of one of the council members. But the standing analysis focuses "on the party, not on the claim." *Alons*, 698 N.W.2d at 864. It matters not whether "the claim could be meritorious." *Id.* So the district court did not err in considering standing without any separate analysis of the merits of the property owners' conflict-of-interest claim.

Bottom line, the district court correctly held that the property owners failed to plead facts showing that they have standing to pursue their challenge to the city council's rezoning decision.

### III.  Amending the Petition

As their fallback position, the property owners argue that even if they failed to plead facts showing their standing, the district court "abused its discretion in disallowing leave to amend the Petition."  But the failure to amend their petition lies squarely on the property owners—not the district court.  They did not need the court's permission to amend their petition yet still failed to do so.  And even setting that aside, they never properly asked the court for leave to amend or got a ruling on the merits of such a request.

Under our rules of civil procedure, parties "may amend a pleading once as a matter of course at any time before a responsive pleading is served."  Iowa R. Civ. P. 1.402(4).  After that, they "may amend a pleading only by leave of court or by written consent of the adverse party," and such leave "shall be freely given when justice so requires."  *Id.*  We review a ruling on leave to amend for abuse of discretion.  *1000 Friends*, 19 N.W.3d at 300.

The city respondents did not file a responsive pleading to the property owners' petition—they filed a pre-answer motion to dismiss.  *See Brekken v. Cnty. Bd. of Rev.*, 223 N.W.2d 246, 247 (Iowa 1974) ("[A] Motion is not a Pleading.").  So under rule 1.402(4), the property owners had the right to file an amended petition without seeking any approval from the court.  *See id.*  But they did not do so any time after (1) the standing issue was first raised in the city respondent's May 1 motion to dismiss, (2) the city respondents pointed out the property owners'

resistance's defects in their written reply later that month, or (3) the mid-June hearing on the motion to dismiss at which the city respondents emphasized they were asserting new facts that "appear[] nowhere on the face of the petition." A party cannot seek reversal for error that it caused. *See McCracken v. Edward D. Jones & Co.*, 445 N.W.2d 375, 378 (Iowa Ct. App. 1989) ("[I]t is elementary a litigant cannot complain of error which he has invited or to which he has assented."). This alone would reason to affirm the district court's dismissal.

Even if we were to overlook that failure, the property owners also did not make a timely or proper request to the district court for leave to amend. They point to their counsel's offer at the motion-to-dismiss hearing that "if the Court wished us to amend our petition to reflect that, we could." But that is not a request for leave to amend.[5] It is a passive statement, seemingly inviting the court to ask them to amend. And that approach is backwards—it is not the court's role to tell a party whether it should rest on its pleading or amend it. So we will not say that the district court abused its discretion in failing to grant a motion that was never made. *Cf. 1000 Friends*, 19 N.W.3d at 300–01 (reversing denial of oral motion for leave to amend as an abuse of discretion when the denial was "based on an erroneous application of the heightened pleading standards in § 670.4A, which accord plaintiffs no opportunity to amend a deficient pleading").

True, the property owners included a paragraph in their eight-page 1.904(2) motion arguing that the ruling should be reconsidered to give them leave to amend.

---

[5] Neither did the city respondent's conditional argument in rebuttal at the hearing convert the statement into an oral motion. Their counsel merely said, "We *would* strongly resist any opportunity or *any* requests by opposing counsel to amend," which does not concede that he in fact made a request. (Emphasis added).

But this too was improper. A party cannot raise a new issue, like a request for leave to amend, in a rule 1.904(2) motion. *See Winger Contracting Co. v. Cargill, Inc.*, 926 N.W.2d 526, 543 (Iowa 2019) (holding that an issue raised for the first time in 1.904(2) motion was not preserved for appellate review, following longstanding precedent that the rule "is not designed as a replacement of the requirement to preserve error"). It would be different if they moved for leave to amend before the motion-to-dismiss ruling and the court overlooked an issue properly submitted to it. But that is not what happened here. Even in their 1.904(2) motion, the property owners never argued that they had orally moved for leave to amend and the court ignored their motion. They were trying to present a new issue—their request for leave to amend—to the court for the first time. Yet after the court granted the motion to dismiss, it was too late for the property owners to seek to revive their case with an amended petition.

We thus affirm the district court's dismissal of the property owners' certiorari petition for lack of standing.

**AFFIRMED.**

Ahlers, J., concurs; Tabor, C.J., dissents.

**TABOR, Chief Judge** (dissenting).

As their petition stands, the property owners have not shown a personal or legal interest that has been or is imminently likely to be harmed by the rezoning decision. On that point I agree with the majority. But that does not resolve the appeal. *See 1000 Friends of Iowa v. Polk Cnty. Bd. of Supervisors*, 19 N.W.3d 290, 300–01 (Iowa 2025). Because we are evaluating this standing challenge at the motion-to-dismiss stage, we must decide whether the district court abused its discretion in denying the property owners' request to amend. *See id.* (finding district court should have granted oral motion to amend petition to show standing). Unlike the majority, I believe that the property owners should be allowed to amend their petition to prove standing.

At the hearing on the city's motion to dismiss, the property owners told the court that if their petition did not plead sufficient facts to show standing, "we could amend that, if the Court wishes, but the [property owners] are all members of a special class under Iowa Code [chapter] 414 [(2023)]."[6] Counsel continued:

> They were damaged because they are within the immediate area of the rezoned property, the single property that was rezoned by the city council in an island of industrial property, so we feel strongly that they meet any questions for standing. And if we wanted to—if the Court wished us to amend our petition to reflect that, we could.

In response, the city attorney asserted, "regarding [the property owners] allegedly being a special class under chapter 414, that [] appears nowhere on the face of the petition or any of the supplemental or additional pleadings that were

---

[6] Chapter 414 governs city zoning decisions. Counsel for the property owners described that "special class" as owners of property located within two hundred feet of the boundary of the property for which the zoning change is proposed. *See* Iowa Code § 414.5.

filed in support of the petition." The city attorney opposed the property owners' offer to amend the petition: "We would strongly resist any opportunity or any requests by opposing counsel to amend. We have had this particular motion on file for almost a month and a half. No written motion to amend has been made."

As the majority notes, the property owners had the right to amend their petition without asking leave of the court because the city's motion to dismiss was not a response pleading. *See Meade v. Christie*, 974 N.W.2d 770, 780 n.2 (Iowa 2022) (discussing Iowa R. Civ. P. 1.402(4)). But instead, the property owners made a contingent request for leave to amend while resisting the city's motion to dismiss.[7] "A contingent request for leave to amend with a resistance to a motion to dismiss is permissible and allows courts to provide leave to amend as an alternative form of relief." *Id*. at 780.[8] The city resisted the property owners' contingent request, highlighting the time that its motion to dismiss had been pending and the lack of a written motion to amend. But the district court dismissed the property owners' petition for lack of standing without addressing their contingent request to amend.

Unhappy with that result, the property owners moved to reconsider under Iowa Rule of Civil Procedure 1.904(2). Their motion conceded that under the court's analysis some of the property owners did not meet the criteria for standing.

---

[7] The majority mischaracterizes the property owners' contingent request to amend as "a passive statement, seemingly inviting the court to ask them to amend."

[8] In that case, our supreme court denied Meade's motion to amend because he included only a single sentence in his resistance and failed to make the request at the motion-to-dismiss hearing. *Meade*, 974 N.W.2d at 780 n.2. But here, as next discussed, the property owners timely made their request at the hearing and renewed it in their rule 1.904(2) motion.

But the motion alleged that "at least five of the petitioners can meet the standard of the public interest exception." The motion also argued that "Iowa Code 414.5 treats owners of real property located within 200-feet of the property boundaries of an area subject to a change in zoning district designation (rezoning) as having interests manifestly different than that of the general public." From there, the motion asserted that two petitioners owned property across the street from the rezoned tract, and that other petitioners owned residential rental property that would have lowered profit expectations based on the new development. The property owners also renewed their request to amend the petition to properly state the petitioners' basis for standing.

The district court denied the property owners' motion to reconsider, finding it was improper to include supplemental information about the location of their properties and the damage they would incur from the zoning ordinance in their rule 1.904(2) motion. In doing so, the district court erred in two ways: One, it overlooked the fact that the property owners had lodged a timely contingent request to amend the petition at the motion-to-dismiss hearing. Two, the court disregarded the property owners' right under rule 1.402(4) to supplement their pleadings to cure the deficiency as to their standing to challenge the zoning change.

The district court's refusal to entertain the property owners' contingent request to amend was an abuse of discretion. Leave to amend a petition should be "freely given when justice so requires." Iowa R. Civ. P. 1.402(4); *see 1000 Friends,* 19 N.W.3d at 301. "[P]ermitting amendments should be the rule and denial should be the exception." *Baker v. City of Iowa City*, 867 N.W.2d 44, 51

(Iowa 2015). This preference for allowing amendments is just as strong—or even stronger—when the party may amend without permission and, as here, asks to exercise that right if the court intends to dismiss the petition if left unamended.

In fact, even post-dismissal motions to amend may be granted under certain circumstances. *See Meade*, 974 N.W.2d at 780. True, a district court does not abuse its discretion in denying a post-dismissal motion for leave to amend when the party opts to rest on its original pleadings despite a motion to dismiss that identified the deficiency prompting the court to dismiss the complaint. *See Gomez v. Wells Fargo Bank, N.A.,* 676 F.3d 655, 665 (8th Cir. 2012). But that was not the case here. The property owners did not cling to their original theory of standing. They recognized the potential shortcomings in their petition and requested contingent leave to amend at the motion-to-dismiss hearing. The court's failure to address that request deprived the property owners of their right to correct the deficiency in their pleading. In this situation, they should have been granted the right to amend their petition to satisfy the question of standing. *See 1000 Friends,* 19 N.W.3d at 301.

Our supreme court has taken a "dim view" of motions to dismiss, underscoring that they should be denied unless there is "no conceivable set of facts entitling the non-moving party to relief." *Id*. at 296–97. Here, the property owners have offered a conceivable set of facts showing that under various theories at least some of them have standing to proceed. Even the city acknowledges that had the property owners included the information in their rule 1.904(2) motion in the petition, "perhaps the result would have been different." But the result can still be different. The property owners displayed their intent to amend if the court was

not satisfied with their current standing argument at the motion-to-dismiss hearing and preserved their chance to renew that contingent request in their rule 1.904(2) motion.  By not acknowledging their contingent request, the district court deprived the property owners of the chance to be heard.  Dismissal was improper, and we should remand to the district court to give the property owners the chance to amend their petition to show standing.